PHILLIP A. TALBERT
United States Attorney
ALEXIS KLEIN
CHRISTINA M. McCALL
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:24-CR-00280 DJC |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION FOR CONTINUANCE AND EXTENSION OF TIME |
| v. | |
| DARAGH FINBAR HAYES, | |
| Defendant. | |

The United States, by and through its counsel, Phillip A. Talbert, United States Attorney, and Alexis Klein and Christina McCall, Assistant United States Attorneys, hereby respectfully request the defendant's motion to compel discovery be continued to November 15, 2024, and the government be granted an extension of time to November 12 to file its response to the defense motion.

Before filing its motion to compel, the defense did not make any attempts to meet and confer about scheduling and availability of counsel. I am currently co-counsel on a matter that is set for jury trial before Judge Calabretta, *United States v. Monte Shepherd*, 2:24-cr-00083. A lengthy evidentiary hearing is scheduled to begin on November 7, 2024, at 1:30 p.m. and is expected to go at least one full day, preventing me from appearing at 2:00 p.m. on November 8.

Separately, last week I was diagnosed with pneumonia. I worked intermittently Monday and Tuesday, before receiving a chest x-ray and diagnosis on Wednesday. I expect to continue working intermittently this week as I recover and require a follow-up chest x-ray.

TYPE PLEADING NAME                                   1

1     The government has complied with its discovery obligations to date, including by: providing early discovery of information that is not confidential; drafting a protective stipulation and order shortly after the initial appearance; making digital evidence available at the FBI office; and making information concerning a child victim available for review at the United States Attorney's office.  At no point has defense counsel attempted to make arrangements to view any discovery made available to him either at the U.S. Attorney's Office or the Federal Bureau of Investigation.  This was true both prior to the filing of the defense motion to compel and continues to be the case as of the filing of this motion.  The government respectfully submits this Court may simply deny the defense motion without further briefing or hearing.[1]

    If briefing and a hearing is appropriate, the government respectfully requests the hearing be continued to November 15, 2024, and that the government's opposition to the defendant's motion to compel be due November 12, in light of counsel's illness and other previously scheduled matters.[2]

    Finally, the government requests that defense counsel abide by the promises delineated in its declaration, filed as Exhibit D to ECF 16.  In accordance with 18 U.S.C. § 3509 and 3771, the government has anonymized publicly-filed documents to ensure Child Victim 1's identity is protected. This includes, for example, removing any kind of reference to gender in the complaint.  *See* ECF 1. Defense counsel's motion to compel provides information that could be used to identify Child Victim 1, both by the use of pronouns in the motion and attachments, as well as the statement on page 1, line 25. *See* ECF 16 at pg. 1, line 25, pg. 10, line 12; ECF 16, Exh. C at pg. 1 (last paragraph) and pg. 4 (last

---

[1] Defense counsel seemingly contends that to require inspection of sensitive discovery at the U.S. Attorney's Office "effectively denies Mr. Hayes the ability to personally review the evidence against him." ECF 16, at 6.  He further suggests that such an arrangement somehow impairs "effective attorney-client communication." ECF 16, at 7.  Not surprisingly, defendant does not support either assertion with authority because there is no constitutional right for a defendant to physically possess discovery materials.  *United States v. Yandell*, No. 19-CR-00107-KJM, 2019 WL 5587291, at *2 (E.D. Cal. Oct. 30, 2019) ("This court can find no authority to support a constitutional right for the defendants to physically possess discovery materials.").  This reality is why defendants have counsel to represent them and why Rule 16(d) provides the Court with authority to "deny, restrict, or defer discovery or inspection, or grant other appropriate relief" where good cause is met.  Fed. R. Crim. P. 16(d)(2).  Whether counsel is able to communicate with his client effectively or not has nothing to do with what the rules of discovery authorize and do not authorize.

[2] If November 12 is not conducive to the Court's schedule, the government would then request November 8 as the deadline for its opposition.

paragraph).

Dated: October 28, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ ALEXIS KLEIN
ALEXIS KLEIN
Assistant United States Attorney