HEATHER E. WILLIAMS, #122664
Federal Defender
ANDREW FRANCISCO, DC Bar No. 1619332
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Tel: 916-498-5700
Andrew_francisco@fd.org

Attorneys for Defendant
DARAGH FINBAR HAYES

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No.  2:24-cr-00280-DJC |
|---|---|
| Plaintiff, | ) **DEFENDANT'S MOTION FOR** |
| | ) **RECONSIDERATION OF ORDER** |
| vs. | ) **GRANTING CONTINUANCE AND** |
| | ) **OPPOSITION TO GOVERNMENT'S** |
| DARAGH FINBAR HAYES, | ) **MOTION TO CONTINUE** |
| Defendant. | ) |

   Defendant Daragh Finbar Hayes, by and through counsel, respectfully requests the Court reconsider its order granting the government's motion to continue. ECF No. 21. Under Local Rule 303(a), rulings by a magistrate judge must contain a written statement of reasons, which was not provided in the present order. The defense's opposition raises substantial arguments regarding the due process implications of restricted discovery access, prejudice to Mr. Hayes from the delay, and limitations on his ability to prepare a defense. These issues were not addressed in the Court's initial ruling and merit thorough consideration.

   First, the government's justification for a continuance—citing health and scheduling conflicts—does not justify delaying proceedings, especially given that two Assistant U.S. Attorneys are assigned to the case, and the government has not demonstrated that both face unresolvable conflicts. In addition, the scheduling conflict cited, "[a] lengthy evidentiary hearing . . . scheduled to begin on November 7, 2024, at 1:30 p.m. and is expected to go at least

one full day," does not prevent counsel from appearing on November 8 at 2:00 p.m., the scheduled hearing time. *See* Gov't Mot. to Continue 1, ECF No. 20. Moreover, the government's request for additional time to file its response lacks any articulated basis, and it remains unclear why, with two AUSAs available, the government cannot meet the briefing schedule set by Local Rule 430.1. The defense strongly opposes the government's purported bases for a continuance given its current in-office-only review requirement, which effectively bars Mr. Hayes, who remains incarcerated, from reviewing the evidence against him. This restriction obstructs his ability to assist in his defense and make informed decisions—rights rooted in both the Sixth Amendment and the Due Process Clause of the Fifth Amendment. *See Faretta v. California*, 422 U.S. 806, 819–20 (1975) ("[T]he right to make a defense" requires the defendant's ability to work with counsel).

Second, the government's assertion that Mr. Hayes lacks a "constitutional right to possess" discovery material, *see* Gov't Mot. 1, n.1, is misplaced. This is not a question of possession; rather, it is a question of access. Mr. Hayes's confinement already severely restricts his ability to review evidence, and requiring all evidence review occur in-office imposes an insurmountable burden that denies him the ability to consult the material. Such restrictions conflict with *Brady v. Maryland*, 373 U.S. 83, 87 (1963) (mandating disclosure of material evidence favorable to the accused), as well as *United States v. Nixon*, 418 U.S. 683, 711 (1974) (recognizing "the right to the production of all evidence at a criminal trial" as fundamental to due process). The Ninth Circuit has further emphasized that restrictions on access to evidence can hinder an incarcerated individual's ability to prepare a defense in violation of due process protections. *See generally Melnik v. Dzurenda*, 14 F.4th 981, 987 (9th Cir. 2021).

The defense reiterates that it is fully compliant with statutory privacy protections for the minor. Congress enacted 18 U.S.C. §§ 3509 and 3771 to safeguard minors' identities without unduly restricting defendants' rights or public access to judicial proceedings. The Court's minute order denying the sealing request aligns with this principle. *See* ECF No. 19. To effectively discuss and prepare the case, the defense must be able to present a clear narrative, which requires

reference to certain non-identifying aspects of the minor's involvement—a balance our current language maintains without compromising privacy. Transparency here ensures that the government cannot unilaterally limit the defense's ability to prepare by broadly invoking privacy claims, while also allowing the public to observe how privacy protections are balanced with a defendant's right to a fair trial.

Finally, with time excluded under the Speedy Trial Act until November 21, 2024, Mr. Hayes faces an especially prejudicial delay in preparing his defense and understanding the charges against him. Under 18 U.S.C. § 3161(h)(7)(A), the Act's exclusion provisions are meant to apply only when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Such exclusions are typically intended to provide the defense with time for meaningful preparation and investigation. Here, however, the government's restrictions on access render the exclusion period purposeless; it does not enable defense preparation, but rather perpetuates Mr. Hayes's inability to engage meaningfully in his defense. Without access, the exclusion period effectively functions as dead time, providing no benefit to the defense while unjustly extending Mr. Hayes's pretrial detention.

For these reasons, Mr. Hayes respectfully requests the Court reconsider its order granting the continuance, allow full review of the opposition arguments before ruling, or alternatively provide a clear statement of reasons to fulfill the requirements of Local Rule 303(a) and enable meaningful review.

Dated: October 29, 2024

HEATHER E. WILLIAMS
Federal Defender

/s/*ANDREW FRANCISCO*
ANDREW FRANCISCO
Assistant Federal Defender
Attorneys for Defendant
DARAGH FINBAR HAYES