PHILLIP A. TALBERT
United States Attorney
ALEXIS M. KLEIN
CHRISTINA M. McCALL
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARAGH FINBAR HAYES,<br><br>Defendant. | CASE NO. 2:24-CR-00280 DJC<br><br>GOVERNMENT'S OPPOSITION TO DEFENSE MOTION TO RECONSIDER EXTENSION OF TIME |

## I. INTRODUCTION

The government opposes defendant Daragh Hayes' motion to reconsider the extension of time this Court granted in ECF No. 21, because: (1) there is no motion pending before the Court; (2) co-counsel for the government has substantial commitments in other matters this week; and (3) counsel for defendant still has not made any effort to view the protected discovery.

## II. PROCEDURAL HISTORY

Federal agents executed a search warrant at defendant's residence on October 1, 2024, and Magistrate Judge Kim authorized a criminal complaint alleging sexual exploitation of a minor on October 2. ECF No. 1. On October 3, government counsel sent a protective stipulation and proposed order to counsel for the defendant, but, after a series of communications, the parties have been unable to agree on paragraph 12 of the stipulation, which was originally drafted as:

If it becomes necessary to refer to an identified victim or minor witness during any public

   court proceeding or in a public court filing, the parties shall use designated victim numbers for the identified victim or minor witness, not the actual name of the identified victim or minor witness.

  Many other Project Safe Childhood cases in this district have protective stipulations and orders containing a very similar paragraph. *See:* 2:19-cr-00044 ECF No. 19 at 3; 2:23-mj0024 ECF No. 16 at 3; and 2:23-cr-00288 ECF No. 16 at 3.

  A federal grand jury returned the Indictment against Hayes on October 10. ECF No. 9. On October 11, the government produced 873 pages of discovery, made protected material concerning a child victim available for review at the U.S. Attorney's Office, and offered to arrange a review of 3509(m) material at the FBI office. Counsel for the defendant has made no efforts to arrange to review the protected material at the U.S. Attorney's Office or the 3509(m) material at the FBI office.

  On Friday, October 24, counsel for defendant filed a motion to compel discovery, which contained information concerning a minor victim on page 1, line 25, and attached a string of email messages between counsel that identify the gender of the victim. ECF Nos. 16, 16-3. After attorneys for the government alerted counsel for the defendant and the Court Clerk's office to the information concerning a minor victim, the Clerk's office temporarily restricted access to the documents associated with the motion to compel and issued a Notice of Docket Correction, directing counsel for the defendant to redact and re-file the motion and exhibits. ECF No. 17. At this time, the motion and exhibits have not been redacted and successfully re-filed, so there is no motion pending before the Court. AUSA Klein filed a motion requesting an extension of time to respond to the motion. ECF No. 20. The Court granted the government's request to continue the hearing on defendant's motion to compel discovery for one week. ECF No. 21. After the Court granted the request, counsel for defendant filed a motion to reconsider the Court's extension. ECF No. 22.

### III.  AUSA MCCALL'S AVAILABILITY

  I am co-counsel for the government in this case, and have pre-existing commitments in many other matters, as well as a new role within the U.S. Attorney's Office. On October 28, I was assigned a new coordinator role for my office, requiring a substantial commitment to non-public matters. If the Court needs additional information about that role, I can provide a proffer under seal. This new leading to a series of meetings at the Federal Bureau of Investigation and at the U.S. Attorney's office. Some of

those meetings will take place at the FBI office on October 30 and the U.S. Attorney's office on November 1, and I will be expected to be available 24 hours a day the week of November 4 to respond to potential issues that arise.  Additionally, this week I am: drafting a sealed motion in a matter before Chief Judge Nunley; responding to a defense discovery request in case 2:23-cr-177; filing a motion to dismiss a complaint in case 2:24-mj-00117-CSK, with a proposed order; drafting a motion for reduction in sentence based upon a terminal medical condition in case 16-CR-00046-1; conducting a complex white-collar criminal investigation; participating in a multi-agency conference call in a child exploitation investigation on October 29; leading a conference call in a child sexual abuse case on October 31; moderating a webinar featuring federal Magistrate Judges from all four districts in California for the California Lawyers Association on November 1 (Link); and filling out a lengthy security clearance background re-investigation form.

Although I do not have a direct scheduling conflict on November 8 at 2:00 p.m., my co-counsel has an evidentiary hearing that could extend into November 8, as set forth in ECF No. 20.  Ideally, both counsel for the government will be able to participate in the hearing.

### IV.    CONCLUSION

As the government will explain in its forthcoming opposition memo, defendant's motion lacks merit.  Counsel for the defendant has made sweeping, baseless allegations without making any effort to review the discovery in question.  The government respectfully requests that the Court deny defendant's motion for reconsideration of the Court's order extending time for the government to respond to the motion to compel discovery.

Dated:  October 29, 2024            PHILLIP A. TALBERT
                                    United States Attorney

                            By:  /s/ CHRISTINA McCALL
                                 CHRISTINA McCALL
                                 Assistant United States Attorney