1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES,                         No.  2:24-cr-0280 DJC

12              Plaintiff,

13        v.                                ORDER

14   DARAGH FINBAR HAYES,

15              Defendant.

16

17        Defendant seeks reconsideration (ECF No. 22) of this court's order (ECF No. 21) granting

18   a one-week continuance of the hearing on defendant's motion to compel discovery (ECF No. 16).

19   The government opposes the motion for reconsideration (ECF No. 23).

20        Defendant contends that the court has violated the requirement of Local Rule 303(a) that a

21   magistrate judge's rulings include a written statement of reasons.  That requirement applies to

22   those "pretrial matters referred in accordance with L.R. 302."  L.R. 303(a).  The pretrial matter

23   referred pursuant to L.R. 302 is the discovery motion.  Routine matters ancillary to the motion,

24   such as requests for continuances, are within the discretion of the court.

25        In any event, the government's request was supported by good cause based on counsel's

26   workload and scheduling constraints, which reasonably require additional time to prepare and file

27   the opposition brief.  ECF No. 20; see also ECF No. 23.  The issue is not, as defendant suggests,

28   merely counsel's availability on the date of the hearing.  The continuance is brief, and the court

finds that defendant will not be prejudiced by the one-week delay.  This case was initiated less than one month ago, and an existing exclusion of time under the Speedy Trial Act extends beyond the new hearing date.  See ECF No. 14.  Defendant's other arguments in opposition to the continuance amount to reiterations of his arguments in support of the discovery motion, and do not persuade the court that a one-week delay in resolution of that matter will prejudice him.  The court finds that any negative impact of the delay on defendant is outweighed by the prejudice to the government of being required to go forward on November 8.   To the extent this court erred by not making an explicit finding of good cause for the continuance in its order at ECF No. 21, this order does so.

The court notes further that defendant has not yet complied with the directive of the Clerk of Court (ECF No. 17) that he file on the public docket a redacted version of the documents at ECF No. 16, which are currently restricted.  In denying the motion to seal at ECF No. 18 without prejudice as overinclusive, the court contemplated the public filing of redacted documents and a renewed motion to maintain only the unredacted documents under seal.  See ECF No. 19 (citing Clerk's Notice at ECF No. 17).  In denying the motion to seal, the court was not agreeing with defendant's position that the documents at ECF No. 16 should not be sealed.  Had that been the case, the restriction of public access would have been terminated.  The motion that the court denied sought sealing of the documents in their entirety, which defendant himself agrees is inappropriate.

Regarding the motion to compel and the status of public access to that motion and supporting documents, the court understands that the parties dispute the extent to which certain references to the victim constitute "identifying information."  For present purposes, to facilitate the consideration of the discovery motion on its merits without further delay, without potentially compromising the legitimate privacy interests of the alleged victim, and without unduly extending the denial of public access to the substance of the motion, IT IS HEREBY ORDERED AS FOLLOWS:

1.   Pending hearing on the motion to compel discovery (ECF No. 16), electronic access to the unredacted documents filed at ECF No. 16 will remain restricted;

2.  Defendant is ordered to file, no later than November 1, 2024, copies which redact the following information:  all references to Child Victim 1's gender, including pronouns, and references to Child Victim 1's relationship to defendant, including but not limited to references at ECF No. 16 at pp. 1:25 and 10:12 and ECF No. 16-3 at pp. 1 (final paragraph) and 4 (final paragraph); and

3.  Defendant's motion for reconsideration (ECF No. 22) is DENIED.

IT IS SO ORDERED.

DATED: October 30, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE