HEATHER E. WILLIAMS, #122664
Federal Defender
ANDREW FRANCISCO, DC Bar No. 1619332
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Tel: 916-498-5700
Andrew_francisco@fd.org

Attorney for Defendant
DARAGH FINBAR HAYES

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 2:24-cr-00280-DJC |
|---|---|---|
| Plaintiff, | ) | **NOTICE OF MOTION; MOTION TO COMPEL DISCOVERY** |
| vs. | ) | |
| DARAGH FINBAR HAYES, | ) | Date: November 8, 2024 |
| Defendant. | ) | Time: 2:00 P.M. |
| | ) | Judge: Hon. Allison Claire |

**TO: PHILLIP TALBERT, UNITED STATES ATTORNEY, ALEXIS KLEIN AND CHRISTINA MCCAUL, ASSISTANT UNITED STATES ATTORNEYS, COUNSEL FOR PLAINTIFF:**

**PLEASE TAKE NOTICE** that on November 8, 2024, at 2:00 p.m., or as soon thereafter as counsel may be heard, Defendant, by and through his attorney of record, Assistant Federal Defender Andrew Francisco, will bring the following motion to compel discovery for hearing before the Honorable Allison Claire, United States Magistrate Judge.

### I.  FACTUAL AND PROCEDURAL HISTORY

Mr. Hayes is charged with Sexual Exploitation of a Minor in violation of 18 U.S.C. § 2251(a) and (e). These charges arise from an investigation into alleged surreptitious recordings of _____ referred to in the indictment as "Child Victim 1." ECF No. 9. The government asserts that these recordings were made using hidden cameras placed in private areas of Mr. Hayes' residence, allegedly without the minor's knowledge or consent.

On October 1, 2024, federal law enforcement executed a search warrant at Mr. Hayes' home, where they seized several digital devices, including cameras, memory cards, and computers. ECF No. 1 ¶ 12. According to the government, the seized devices contain video footage depicting "Child Victim 1" in private and intimate settings. The government further alleges that Mr. Hayes transferred some of this footage to other devices and engaged in online communications related to the material, using platforms such as Kik to describe his actions and discuss child exploitation. *Id.* ¶¶ 5–10. These recordings and online communications form the basis of the sexual exploitation charges, with the government alleging that Mr. Hayes intended to distribute or share the footage.

Mr. Hayes was initially charged by criminal complaint on October 2, 2024, and was subsequently ordered detained at his initial appearance due to concerns about flight risk and community safety. ECF No. 4. He was indicted by a federal grand jury on October 10, 2024, and arraigned on October 16, 2024, at which time he entered a plea of not guilty. ECF No. 14. The Court set a status conference for November 21, 2024, before the Honorable Judge Daniel J. Calabretta. *Id.*

Prior to the arraignment, the government produced an initial set of discovery, accompanied by a letter dated October 11, 2024. Ex. A. The discovery package included various documents, such as photographs and records, none of which, on their own, are incriminating or provide direct proof of the allegations against Mr. Hayes. With respect to the remainder of the discovery in the government's possession, the government imposed restrictive conditions on the defense's access to these materials, including non-CSAM evidence, citing 18 U.S.C. § 3509(d). *Id.* The government conditioned the production of these materials on the defense agreeing to its proposed protective order, which mandates the use of the government's preferred language for referencing the minor. Until such agreement is reached, the government requires that these materials be reviewed exclusively at the U.S. Attorney's Office. *Id.*

In response, on October 16, 2024, undersigned counsel submitted a letter requesting that the government produce open-file discovery in compliance with Rule 16 of the Federal Rules of

Criminal Procedure. Ex. B. The letter listed specific categories of discovery, including all statements by the defendant, forensic reports, and expert witness disclosures. While the letter did not explicitly object to the discovery restrictions, it implicitly emphasized the defense's need for full access to discovery materials in order to adequately prepare for trial.

Subsequently, in email correspondence dated October 18, 2024, defense counsel formally raised concerns regarding the restrictions imposed on non-CSAM materials.[1] Ex. C. In that email, the defense argued that 18 U.S.C. § 3509(d), which the government cited to justify its limitations, does not extend to non-CSAM materials and should not prevent the defense from inspecting or copying these materials. The email also addressed the protective order, proposing neutral terms such as "Identified Minor" or "Referenced Minor" in place of "Child Victim" to avoid prejudicial assumptions prior to adjudication. The defense sought greater access to discovery materials and less restrictive conditions, asserting that the government's position unduly burdens the defense's ability to prepare for trial.

In response, Assistant U.S. Attorney Alexis Klein, in an email dated October 23, 2024, effectively maintained the government's position that non-CSAM materials should be reviewed only at the U.S. Attorney's Office. *Id.* Although the government remains open to discussions regarding the protective order, it is unwilling to adjust its discovery limitations.

The Court has issued Due Process Protection Act orders following both Mr. Hayes' initial appearance and his arraignment, reminding the government of its continuing obligation to disclose all exculpatory and favorable evidence under *Brady v. Maryland*, 373 U.S. 83 (1963). ECF Nos. 5, 15. The defense contends that the government's restrictive stance on discovery, particularly the limitations on non-CSAM materials, has hindered the defense's ability to effectively prepare for trial and fully investigate the facts surrounding the charges. The defense submits that these restrictions amount to a violation of Mr. Hayes' constitutional rights to due

---

[1] The defense and the government have been negotiating the terms of the proposed protective order since October 3, 2024. In an initial exchange, the government proposed using the term "Child Victim 1" in filings, while the defense objected, raising concerns about the prejudicial nature of the term even with the "alleged" modifier. The only remaining point of contention with the protective order is the choice of terminology. Ex. C. Discussions have continued, but the parties have not reached an agreement on this issue.

process and a fair trial.

## II.   LEGAL STANDARD

The government's obligation to disclose evidence favorable to the defense arises under both constitutional and statutory provisions. In *Brady*, the Supreme Court held that due process requires the prosecution to disclose evidence that is favorable to the accused when it is material to guilt or punishment. This obligation extends to evidence that is exculpatory, impeachment material, or otherwise helpful to the defense. *United States v. Bagley*, 473 U.S. 667, 676 (1985) ("The *Brady* rule is based on the requirement of due process. Its purpose is . . . to ensure that a miscarriage of justice does not occur. Thus, the prosecutor is not to decide on his own what is valuable to the defense . . . ."). The prosecution's duty to disclose such evidence applies even if the government does not believe the evidence will affect the outcome of the trial. *See id.*; *United States v. Olsen*, 704 F.3d 1172, 1183 n.3 (9th Cir. 2013). Further, *Brady* materials must be assessed cumulatively, with courts considering the totality of the evidence in determining whether the suppression of such evidence could have affected the outcome of the proceeding. *Kyles v. Whitley*, 514 U.S. 419, 421 (1995).

The Due Process Protections Act, Pub. L. No. 116-182, 134 Stat. 894 (2020), further bolsters the government's disclosure duties by requiring courts to issue orders at the defendant's initial appearance reminding the government of its ongoing obligation to produce exculpatory evidence under *Brady*. The Act amends Federal Rule of Criminal Procedure 5(f) to codify the importance of continuous compliance with constitutional disclosure requirements.

In addition to the constitutional mandate established by *Brady*, Federal Rule of Criminal Procedure 16(a)(1)(E) governs the discovery of evidence in federal criminal cases. Under Rule 16, the government must permit a defendant, upon request, to inspect, copy, or photograph books, papers, documents, data, and other tangible objects in its possession, custody, or control,

provided that the material is relevant to preparing the defense. Rule 16 is intended to ensure that defendants have the opportunity to review discovery materials in a manner that allows them to adequately prepare for trial.

The government's discovery obligations under Rule 16 are reinforced by the Local Rules of the U.S. District Court for the Eastern District of California, Rule 440, which mandates that the government provide discovery within 14 days of the defendant's request or arraignment, unless otherwise ordered by the court. Local Rule 440 ensures the timely disclosure of evidence and facilitates the efficient preparation of the defense. The rule provides for the inspection, copying, and photographing of evidence, and encourages prompt and full compliance with federal discovery obligations.

In addition to these general discovery obligations, statutory provisions such as 18 U.S.C. § 3509(d) and 18 U.S.C. § 3771, known as the Crime Victims' Rights Act (CVRA), govern the protection of minors and victims in criminal cases. Section 3509(d) allows courts to issue protective orders to safeguard the identity of individuals protected under these statutes, limiting the disclosure of identifying information. Similarly, the CVRA provides certain individuals with the right to privacy and protection. However, these statutes must be applied in a manner that balances the privacy rights of minors and victims with the defendant's right to access and review discovery materials necessary to prepare for trial.

Together, these authorities underscore the principle that discovery in criminal cases must be conducted in a manner that provides the defense with access to material evidence, while also balancing privacy and security concerns where appropriate. The government's discovery obligations must be interpreted in light of these principles to ensure fairness and compliance with constitutional, procedural, and statutory standards.

### III. ARGUMENT

**A. Violation of Rule 16 and *Brady*.**

The government's imposition of restrictions on certain non-CSAM materials—requiring that they be reviewed solely at the U.S. Attorney's Office—violates its clear discovery obligations under Rule 16 and *Brady*. Rule 16(a)(1)(E) requires the government to permit the defense to inspect, copy, or photograph any materials within the government's possession, custody, or control that are material to preparing the defense. This rule does not authorize the government to impose arbitrary limitations on how or where the defense may access discovery, particularly when the items do not involve highly sensitive or classified materials. *Brady* similarly mandates disclosure of all evidence that is material to either guilt or punishment, covering both exculpatory evidence and impeachment evidence, *Bagley*, 473 U.S. at 676 (1985), even if the government believes certain evidence may not ultimately prove material, *see Kyles*, 514 U.S. at 437.

In this case, the government already possesses the non-CSAM materials and is obligated to make them available for full inspection and copying without unnecessarily burdening the defense. Requiring the defense to review these materials exclusively at the U.S. Attorney's Office imposes an undue logistical burden and interferes with the defense's ability to adequately prepare for trial. Rule 16 is intended to ensure that defendants have full access to discovery in a manner conducive to trial preparation, and these restrictions on access violate both the letter and the spirit of the rule.

Moreover, because Mr. Hayes is incarcerated, the government's restriction that non-CSAM discovery materials be reviewed solely at the U.S. Attorney's Office imposes an additional, unique burden. This arrangement effectively denies Mr. Hayes the ability to personally review the evidence against him. Under these conditions, defense counsel is unable to

consult with Mr. Hayes directly on these items, thus limiting his participation in his own defense and impairing effective attorney-client communication. As a result, the government's position undermines the defendant's Sixth Amendment right to assist in his own defense and creates a substantial obstacle to meaningful trial preparation.

**B. Misapplication of § 3509(d) and the CVRA**.

The government's reliance on § 3509(d) to justify these restrictions is misplaced. Section 3509(d) is intended to protect the privacy of minors involved in criminal proceedings by limiting the disclosure of identifying information that could compromise the safety or privacy of the minor. However, this statute does not provide for blanket restrictions on all discovery materials, particularly non-CSAM materials, which do not necessarily implicate the privacy interests of the minor.

Section 3509(d) allows courts to issue protective orders to protect an alleged child victim's privacy by limiting the dissemination of identifying information, such as the child's name, address, or other personal details. The statute is focused on preventing the public disclosure of the minor's identity but does not mandate restrictions on all discovery materials, especially those that are not sensitive or do not directly involve CSAM. The government's expansive interpretation of § 3509(d) in this case seeks to justify restrictions on materials that do not implicate the statute's core concerns.

Similarly, the CVRA affords victims the right to privacy and protection, but these rights must be balanced against the defendant's right to due process and a fair trial. Courts, including the Ninth Circuit, have consistently emphasized the importance of balancing victims' rights with the constitutional rights of the accused. *See In re Mikhel*, 453 F.3d 1137, 1139 (9th Cir. 2006) (holding that while the CVRA grants victims a right to be present at trial, this right is not absolute and must be balanced against the defendant's right to a fair trial).

In this case, the defense's proposal of protective measures—such as using neutral references like "Identified Minor"—adequately addresses the privacy concerns protected under § 3509(d) and the CVRA. Moreover, the defense has executed a formal declaration, attached as Exhibit D, committing not to use the minor's name, initials, or any direct identifiers. These measures sufficiently safeguard the minor's privacy without unduly burdening the defense's access to non-CSAM discovery, and thus a blanket restriction is not justified.

### C. Presumption of Innocence and Fair Trial

The government's insistence on using terms such as "Child Victim" in all discovery materials and court filings undermines one of the most fundamental principles of our justice system: the presumption of innocence. The defense has a right to present its case in a manner that does not prejudge the facts or the defendant's guilt, and the language used in court filings is critical in maintaining fairness and neutrality before any formal adjudication of the facts. The use of terms like "Child Victim," even when paired with the modifier "alleged," risks reinforcing an assumption of guilt before the matter has been fully tried and adjudicated.

The inclusion of the "alleged" modifier does little to mitigate the prejudicial impact of this language. As noted in undersigned counsel's correspondence with the government, the term "victim," even when softened by "alleged," signals to the Court and the public that a crime has been committed and that the individual referred to as the "victim" has already been wronged by the defendant. This subtle framing is inconsistent with the presumption of innocence, which requires that no assumptions be made about the defendant's guilt before the facts are determined at trial. *See Estelle v. Williams*, 425 U.S. 501, 503 (1976) ("To implement the presumption [of innocence], courts must be alert to factors that may undermine the fairness of the fact-finding process.").

The risk of prejudice is further compounded in cases involving sensitive allegations such

-8-

as those at issue here. The language used in public filings and court documents is not merely a technical or procedural matter—it shapes how the Court, the public, and potential jurors perceive the case. When a defendant is repeatedly confronted with terms that suggest guilt, such as "victim," the presumption of innocence is effectively eroded, making it more difficult for the defendant to receive a fair trial. This is particularly concerning when the minor referenced is not expected to testify, as is the case here, where the government has indicated that the minor will not be called as a "complaining witness." *See* Ex. C. By referring to the minor as a "victim," the defense is unfairly constrained in its ability to present the case in a neutral, unbiased manner.

Moreover, § 3509(d) and the CVRA do not mandate the use of any specific pseudonyms or terms like "victim." These statutes focus on protecting the privacy of the minor but do not dictate how the parties must refer to the minor in legal proceedings. As undersigned counsel explained in correspondence with the government, the use of neutral terms such as "Identified Minor," "Minor Subject," or "Referenced Minor" would still fully comply with the privacy protections outlined in § 3509(d) while preserving fairness in the language used. *Id.* These terms reflect the government's position that the minor is not a "complaining witness" and would be consistent with both the statute and the overarching principles of due process.

The U.S. Supreme Court has emphasized the importance of maintaining the presumption of innocence in all aspects of criminal proceedings, including the language and practices employed during the trial process. *See Estelle*, 425 U.S. at 503 ("The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law." (quoting *Coffin v. United States*, 156 U.S. 432, 453 (1895))). By mandating the use of terms like "victim," the government is effectively shifting the burden to the defense to prove the absence of a crime, which is contrary to the core principles of our justice system.

Motion to Compel Discovery                                             *United States v. Hayes,*
                                                                       24-cr-00280-DJC

For these reasons, the defense proposes the use of neutral terms that protect the minor's privacy without prejudging the outcome of the case. These terms—such as "Identified Minor" or "Referenced Minor"—serve the dual purpose of respecting the minor's privacy interests while preserving the defendant's right to a fair trial, free from prejudicial language that could improperly influence the fact-finding process. The Court should adopt this neutral approach, which ensures fairness and avoids reinforcing assumptions of guilt before the evidence has been heard.

### D. Declaration as an Adequate Protective Measure

To address the privacy concerns raised by the government, the defense has offered a practical and effective solution: a formal declaration in which the defense commits not to use the minor's name, initials, or any other direct reference to identity in public filings or court proceedings, except as may be necessary at trial. Ex. D. This declaration ensures the minor's privacy is fully safeguarded while still allowing the defense the flexibility to prepare for trial without being bound to restrictive language.

The government's overbroad interpretation of § 3509(d) is not necessary to protect the minor's identity in this case. The declaration serves as a sufficient and less burdensome alternative that meets the requirements of the statute without infringing on the defense's access to non-CSAM discovery materials or its ability to conduct an effective defense. Courts have consistently recognized that narrowly tailored protective measures are preferable to blanket restrictions, particularly when the minor's privacy concerns can be addressed through more specific and reasonable assurances, such as those offered by the defense.

### IV. CONCLUSION

For the foregoing reasons, Mr. Hayes respectfully requests that this Court issue an order compelling the government to provide full and unrestricted access to all non-CSAM discovery materials in accordance with Rule 16 of the Federal Rules of Criminal Procedure. The defense seeks the ability to inspect, copy, and review these materials without the undue burden of

restricting access to the U.S. Attorney's Office.

The government's current limitations on discovery access are not justified under 18 U.S.C. § 3509(d) or any other applicable rule or statute. The defense has made clear its commitment to protecting the minor's privacy through appropriate and narrowly tailored measures, including the use of neutral references and the execution of a formal declaration that will ensure the minor's identity is fully safeguarded. These measures sufficiently address any privacy concerns without impeding the defense's ability to adequately prepare for trial.

Dated: October 25, 2024

HEATHER E. WILLIAMS
Federal Defender

/s/ *Andrew Francisco*
ANDREW FRANCISCO
Assistant Federal Defender
Attorney for Defendant
DARAGH FINBAR HAYES