# EXHIBIT B



**OFFICE OF THE FEDERAL DEFENDER**
Eastern District of California

801 I Street, 3rd Floor  
Sacramento, California  
95814-2510

(916) 498.5700  
Toll Free: (855) 328.8339  
FAX (916) 498.5710

HEATHER E. WILLIAMS  
Federal Defender

PEGGY SASSO  
Chief Assistant Federal Defender

October 16, 2024

Christina McCall  
Alexis Klein  
Assistant United States Attorney  
United States Attorney's Office  
501 I Street, Suite 10-100  
Sacramento, CA  95814

      Re:    *USA v. Daragh Finbar Hayes*  
                  Case No. 2:24-cr-00280-DJC

Dear Counsel:

      We request that you furnish this office with open-file discovery in the above-entitled case or notify us in writing of your intention not to comply with this request within ten (10) days of arraignment.

      In the event that open-file discovery is not provided, please accept this letter as my request for discovery of those items listed below.

I.     Items covered by Federal Rule of Criminal Procedure 16(a)(1)(A)(B)(C) and (D), including, but not limited to:

    1.    All oral, written, or recorded statements or testimony made by defendant, which are in the possession, custody, or control of the government, or which could become known by the exercise of due diligence.

    2.    Any statement made by defendant to any law enforcement officer, government agent, informant, or other third party.  This request includes any statement by defendant subsequently incorporated into any report, memorandum, transcript or other document prepared by any of the above-listed individuals.  This request also includes any statement by defendant which is repeated or reported in any subsequent oral, written or recorded statement by any of the above-listed individuals.

October 16, 2024
P a g e | 2

3. A current copy of the defendant's prior criminal record. This record should include all arrests and convictions relevant to any sentencing issues under Chapter Four of the United States Sentencing Commission Guidelines.

4. A copy of (or reasonable opportunity to inspect and copy) any books, papers, documents, photographs, or tangible objects obtained from or belonging to the defendant.

5. A copy of (or reasonable opportunity to inspect and copy) any books, papers, documents, photographs, tangible objects, buildings or places which will be used in the government's case in chief. This includes not only documents that will be marked and offered into evidence, but also documents or tangible objects that will be referred to in any way by any witness called by the government during its case in chief. We request that any documents or tangible objects in this category be specifically identified from among any other records that may be produced, in order to enable the defense to prepare effectively for trial and to move to suppress any evidence the government intends to use in its case in chief.

6. A copy of (or reasonable opportunity to inspect and copy) any books, papers, documents, photographs, tangible objects, buildings or places which are material to the preparation of the defendant's case at trial or at sentencing.

7. Disclosure of the names and identity of expert witnesses the government intends to call at trial, their qualifications, subject of testimony, and reports.

8. The results of tests, examinations or experiments which are intended for use by the government as evidence in chief at trial, or which are material to the preparation of this defendant's defense. This latter category includes any examinations or tests done by the government that are incomplete, inconclusive, or not intended to be used by the government at trial.

9. If discovery is provided on a rolling basis, we request that corresponding indexes or load files accompany each batch to ensure timely and efficient review. For all mobile devices, please provide all reports regarding the seizure and chain of custody of the evidence, the forensic examiners report detailing the tools and procedures used to examine the device, a copy of the extraction file in the native (original) format of the forensic device or software used to conduct the extraction, the full forensic extraction report in PDF format, the forensic report in UFED Reader format with UFED Reader file viewer, and/or the proprietary file viewer for the specific forensic tool used to create the extraction.

   If the discovery production is more than 5,000 pages and/or items, please provide a document index that identifies the original file name and corresponding bates

October 16, 2024
P a g e | 3

    number so that we can identify documents that may have been grouped together as related documents.

    In the alternative, please provide a load file from your document review platform that provides the document breaks and any document relationships along with the native version of the documents, the imaged version of the documents, and the extracted text of the documents so that the documents are fully searchable. The load file is typically a text file with .dat or .opt file extension.

    For all mobile devices (and computers, as applicable) please provide the following:
All reports regarding the digital evidence, including:
- legal authority to seize
- chain of custody
- legal authority to search
- forensic examiner's report(s)
- case/technical notes taken contemporaneously during the exam(s)
- tools, procedures, methodologies used to examine the device(s)
- for mobile devices Cellebrite UFED Reader Report with CellebriteReader.exe file and/or Axiom Portable Case file
- for computers: forensic image of the device(s), e.g. E01, dd, etc.
- a spreadsheet documenting the device, file path and hash value
- For CSAM cases, if the examiner located and identified pictures and/or videos a spreadsheet documenting the device, file path and hash value for the item

    Providing these items will assist us in reviewing and preparing the case in a timely fashion. Both parties have an interest in efficiently resolving cases and addressing the case backlog in our district, and comprehensive discovery production in large cases greatly assists us in moving cases forward.

10. A copy of all tapes of conversations and conferences with any informant.

11. A copy of all rap sheets of the defendant, codefendants and government witnesses.

II. Defendant also requests disclosure of any evidence in the government's possession, or which comes to the attention of the government, which would be favorable to this defendant on the issues of guilt or sentencing pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. This evidence includes the following:

1. Information which would tend to attenuate, exculpate, exonerate, or mitigate this defendant's involvement in the circumstances alleged in the indictment.

October 16, 2024
P a g e | **4**

      2.      Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972*),* any information affecting the credibility of any government witnesses, including prior criminal records, inconsistent statements, "deals" or immunity agreements with any state or federal governmental personnel, and any benefits of any kind the witness may receive in return for cooperation.

      3.      Any information from whatever source which may benefit the defendant under the Federal Sentencing Guidelines, including reductions in base offense level, reductions in specific offense characteristics, reductions in role in the offense, disputing relevant conduct, reducing criminal history, etc.

III.      Defendant also requests pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure, notice of the government's intention to use any evidence obtained as a result of a search, seizure, electronic intercept, or statement by defendant.  Notice whether an electronic or video intercept was used is separately requested as well.

IV.      The defendant requests disclosure of the general nature of any evidence that the government intends to introduce in any way at trial pursuant to Rule 404(b) of the Federal Rules of Evidence, concerning any individual, including the defendant.

V.      Personnel Files:  The defendant requests that you review the personnel files of every government witness involved in this case and furnish any and all impeaching or exculpatory information therein, including but not limited to:  information relative to disciplinary actions, complaints of mistreatment, brutality, or discrimination of any type, unlawful searches or stops, delayed promotions, suspensions, firings, retirements, reassignments, or other personnel matters, including those related to job performance and misconduct unrelated to employment; information regarding untruths, deceptions, or inaccuracies committed by any such person; unwarranted or excessive actions by such persons against others; complaints; information relative to any kind of bias;  information relative to problems of perception; information relative to mental illness, including stress-related disorders, work-related leaves of absence; and prior criminal record.  This material is discoverable pursuant to *Brady* and specifically pursuant to *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991).  The defendant requests that you also disclose any of the material listed above even if the material is not reflected in the personnel file of the agent or employee.

Thank you for your cooperation.

      Sincerely,

      */s/ Andrew Francisco*
      ANDREW FRANCISCO
      Assistant Federal Defender

AF/cmr