# EXHIBIT C

**Andrew Francisco**

| | |
|---|---|
| **From:** | Klein, Alexis (USACAE) ▮ |
| **Sent:** | Wednesday, October 23, 2024 12:09 PM |
| **To:** | Andrew Francisco; McCall, Christina (USACAE) |
| **Subject:** | RE: US v. Hayes (24-mj-119) - proposed protective order |

Hi Andrew,

I've been sick and working intermittently. I will be out of the office the rest of the week. We will get back to you when we can. Thank you for your email.

Alexis Klein | Assistant United States Attorney | Eastern District of California
Robert T. Matsui United States Courthouse | 501 I Street, Suite 10-100 | Sacramento, CA 95814
t. (916) 554-2772 | f. (916) 554-2900 | e. ▮

---

**From:** Andrew Francisco ▮
**Sent:** Friday, October 18, 2024 3:34 PM
**To:** Klein, Alexis (USACAE) ▮ McCall, Christina (USACAE) ▮
**Subject:** [EXTERNAL] RE: US v. Hayes (24-mj-119) - proposed protective order

Hi Christina and Alexis,

Thank you again for your ongoing engagement with these issues. We are in receipt of the initial discovery and accompanying letter produced on October 11, 2024. I'd like to follow up on a couple of points regarding both the discovery limitations and the protective order.

First, while we remain committed to ensuring that sensitive materials are handled appropriately, we find it unacceptable that the government is imposing undue restrictions on non-CSAM materials based on 18 U.S.C. § 3509(d). The requirement that we review this material only at the U.S. Attorney's Office places an unnecessary burden on the defense by limiting our ability to effectively prepare for trial, and we view it as an unjustifiable limitation. While § 3509(d) aims to protect the privacy of child victims, it does not preclude the defense from inspecting and copying non-CSAM materials, and restricting access in this way falls outside the scope of both the statute and the case law. I request that the government produce this material in accordance with established discovery procedures, as detailed in our letter dated October 16, 2024.

Regarding the protective order, my concerns remain regarding the use of the term "victim" in any form. As I noted previously, using "victim," even with the "alleged" modifier, risks reinforcing an assumption of guilt before adjudication, which could prejudice the case—particularly in public filings.

We are in agreement with not using the minor's name or initials, and the dispute here is centered on the government's insistence on certain pseudonyms. The statutes at issue, including 18 U.S.C. § 3509(d), do not mandate the use of specific pseudonyms and thus do not justify the government's position. We are not attempting to dictate how the government refers to its witnesses, and likewise, the government should not be attempting to impose specific language on the defense.

In the interest of compromise, I'm proposing neutral terms such as "Identified Minor," "Minor Subject," or "Referenced Minor," all of which are accurate and respectful of the government's position that the minor is not a "complaining witness" and its representation that ▮ will not be called as a witness at trial. As ▮ is not technically a witness, our proposed terms avoid both the "victim" and "witness" labels and allow us to move forward in a fair and neutral manner.

I'm happy to continue this dialogue to reach an agreement that protects all parties' interests, but I insist on neutral terms and believe the ones proposed above are reasonable and fully compliant with 18 U.S.C. § 3509(d) and the Crime Victims' Rights Act, as well as due process and the principles of fairness. To avoid further delays in our preparations, I would appreciate your response to this proposal by next Tuesday, October 22.

I remain hopeful that we can reach a resolution that ensures fairness for all parties, and I'm happy to discuss this further via email or phone conference at your convenience.

Andrew

**Andrew Francisco**
Assistant Federal Defender
Eastern District of California
801 I St., 3rd Floor
Sacramento, CA 95814
916-498-

---

**From:** Andrew Francisco
**Sent:** Thursday, October 3, 2024 8:01 PM
**To:** Klein, Alexis (USACAE) <​​​​​​​​​>; McCall, Christina (USACAE) <​​​​​​​​​>; Christina Sinha <​​​​​​​​​>
**Subject:** RE: US v. Hayes (24-mj-119) - proposed protective order

Hi all,

Thanks for your thoughtful reply, Alexis. While I appreciate the government's flexibility in offering alternatives like "alleged Child Victim 1" or "the person identified by the government as Child Victim 1," I still have concerns about the use of the term "victim," even with the "alleged" modifier. Using "victim" in any form risks reinforcing an assumption of guilt, which could be prejudicial in especially sensitive cases like this.

As Tina noted, our role as defense counsel is to ensure that the presumption of innocence is protected throughout the proceedings, both in the courtroom and in public-facing documents. Even with the weight of the evidence, neutrality in language is crucial to maintaining the integrity of the process, particularly where public filings can influence perceptions before any formal adjudication.

For that reason, I'm suggesting we choose from among the terms "Minor Witness 1," "Government Witness 1," or "Child Witness 1." These terms are neutral and prevent the premature labeling of the individual as a victim before any finding of guilt.

I'm open to discussing this further. I'd prefer that we resolve the issue by agreeing to a term that aligns with due process and the principles of fairness that guide both parties.

Andrew

**Andrew Francisco**
Assistant Federal Defender
Eastern District of California
801 I St., 3rd Floor
Sacramento, CA 95814

916-498-7269

**From:** Klein, Alexis (USACAE) <​​​​​​​​​​>
**Sent:** Thursday, October 3, 2024 7:04 PM
**To:** Christina Sinha <​​​​​​​​​​>; McCall, Christina (USACAE) <​​​​​​​​​​>
**Cc:** Andrew Francisco <​​​​​​​​​​>
**Subject:** RE: US v. Hayes (24-mj-119) - proposed protective order

Thank you for the reply.

It is our position it is appropriate for the victim to be referred to as "Child Victim 1" – this is the designation in the complaint, and whatever is in the indictment, would continue to be appropriate. There is no issue if you write in a pleading "alleged Child Victim 1" or "the person identified by the government as Child Victim 1" "or the named victim, Child Victim 1", or even "CV1". If there are more victims, we can identify them by their designation in the indictment. If this becomes an issue with page limits, I would have no objection to you going over if you had to use more language surrounding the named victim in this case.

Thank you for thinking about this, and I'm happy to touch base tomorrow or next week.

**Alexis Klein | Assistant United States Attorney | Eastern District of California**
Robert T. Matsui United States Courthouse | 501 I Street, Suite 10-100 | Sacramento, CA 95814
t. (916) 554-2772 |  f. (916) 554-2900 |  e.

**From:** Christina Sinha <​​​​​​​​​​>
**Sent:** Thursday, October 3, 2024 4:39 PM
**To:** Klein, Alexis (USACAE) <​​​​​​​​​​>; McCall, Christina (USACAE) <​​​​​​​​​​>
**Cc:** Andrew Francisco <​​​​​​​​​​>; Hitt, Jason (USACAE) <​​​​​​​​​​>
**Subject:** [EXTERNAL] RE: US v. Hayes (24-mj-119) - proposed protective order

Hi Alexis,

My understanding was that the government preferred the use of "Complaining Witness" over the term "Alleged Victim," but (assuming Andrew has no objection to it, which I don't think he will), using the term "Alleged Victim 1" is fine with me.

Assuming Andrew is fine with it, then we are asking for paragraph 12 to read as follows:
> If it becomes necessary to refer to an alleged victim or minor witness during any non-trial public court proceeding or in a public court filing, the parties shall use designated victim numbers for the alleged victim or minor witness (i.e., "Child Victim 1" or *"Alleged Victim 1"* ~~"the person identified by the government as Child Victim 1"~~), not the actual name of the alleged victim or minor witness. Should this matter proceed to trial, the parties may seek a separate Court Order delineating how these individuals will be addressed during trial proceedings.

With that change, I have no objection to the most recent version of the draft protective order. Andrew, please chime in and let us know if you have any objection to that.

Best,

Christina

**From:** Klein, Alexis (USACAE) <​​​​​​​​​​>
**Sent:** Thursday, October 3, 2024 4:23 PM
**To:** Christina Sinha <​​​​​​​​​​>; McCall, Christina (USACAE) <​​​​​​​​​​>

**Cc:** Andrew Francisco <░░░░░░░░░░░░░░░░░░░░░░░> Hitt, Jason (USACAE) <░░░░░░░░░░░░░░░░░░>
**Subject:** RE: US v. Hayes (24-mj-119) - proposed protective order

Hi Christina –

I will send a more robust reply later.

As you know from the complaint, the information in this case about the charged crime came from your client's communications on Kik and other platforms with a law enforcement UC, as well as evidence recovered from a search warrant, corroborating your client surreptitiously recording a minor. **The Victim is NOT a complaining witness in this case at this point**. Calling the child victim a "complaining witness" is not only absurd and contrary to all of the constitutional and statutory rights victims are afforded, it is just inaccurate.

If we need to litigate this issue, that is fine. If you'd like to use the word "alleged", instead, that is fine. Otherwise, please disregard our proposed protective order. The discovery can instead be made available for you to view in our office.

Thank you.

**Alexis Klein | Assistant United States Attorney | Eastern District of California**
Robert T. Matsui United States Courthouse | 501 I Street, Suite 10-100 | Sacramento, CA 95814
t. (916) 554-2772 | f. (916) 554-2900 | e. ░░░░░░░░░░░░░░░░░░

---

**From:** Christina Sinha <░░░░░░░░░░░░░░░░░░░>
**Sent:** Thursday, October 3, 2024 4:12 PM
**To:** McCall, Christina (USACAE) <░░░░░░░░░░░░░░░░░░░░> Klein, Alexis (USACAE) <░░░░░░░░░░░░░░░░░░░░>
**Cc:** Andrew Francisco <░░░░░░░░░░░░░░░░░░░░░░>
**Subject:** [EXTERNAL] RE: US v. Hayes (24-mj-119) - proposed protective order

Hi Christina,

I'm unclear on what the government's objection is to the defense referring to ▓▓▓ as "Complaining Witness 1." That is the last point of difference between our versions, but we certainly can't agree to refer to someone as "the person identified by the government as Child Victim 1," if for no other reason than that is extremely long and will cause us to blow every page limit in every filing.

Just as we would not expect the government to refer to ▓▓▓ as "Complaining Witness 1," similarly, it is inconsistent with our duty to zealously advocate for our clients to refer to folks in the manner you are suggesting (unless and until there is a finding of guilt, of course).

Referring to folks in this manner (e.g. "Complaining Witness 1") is both respectful and the usual course of practice for us. With that one change, we would be in agreement. Specifically, I am asking for the following change to paragraph 12:

> If it becomes necessary to refer to an alleged victim or minor witness during any non-trial public court proceeding or in a public court filing, the parties shall use designated victim numbers for the alleged victim or minor witness (i.e., "Child Victim 1" or *"Complaining Witness 1"* ~~"the person identified by the government as Child Victim 1"~~), not the actual name of the alleged victim or minor witness. Should this matter proceed to trial, the parties may seek a separate Court Order delineating how these individuals will be addressed during trial proceedings.

If there is some reason you have an issue with us referring to ▓▓▓ as "Complaining Witness 1," please let us know. Designating ▓▓▓ a "complaining" witness would differentiate ▓▓▓ from, for example, a witness who is a minor but whom the government is not alleging is a victim (as they would be referred to as "Minor Witness #").

4

Also, this case just got reassigned to Andrew Francisco. He is up to speed on the case already, has been briefed on the back-and-forth on the protective order, and agrees with all the modifications I'm seeking. I've added him to this chain. He has not entered an appearance yet on ECF, so feel free to keep me on this chain and on the protective order until that happens (likely tomorrow or early next week), and also feel free to add his name to the signature line once we agree on a final version to streamline things.

Best,

Christina

**From:** McCall, Christina (USACAE) <████████████████>
**Sent:** Thursday, October 3, 2024 3:35 PM
**To:** Christina Sinha <████████████████>   Klein, Alexis (USACAE) <████████████████>
**Subject:** RE: US v. Hayes (24-mj-119) - proposed protective order

Hi Christina. How is this?

Christina McCall, Assistant United States Attorney, Eastern District of California.
501 I Street, Suite 10-100, Sacramento, CA 95814. (916) 554-2793. ████████████████

**From:** Christina Sinha <████████████████>
**Sent:** Thursday, October 3, 2024 1:03 PM
**To:** McCall, Christina (USACAE) <████████████████>   Klein, Alexis (USACAE) <████████████████>
**Subject:** [EXTERNAL] RE: US v. Hayes (24-mj-119) - proposed protective order

Hi Christina,

The only issue I have with your modification to paragraph 12 is that, if this matter proceeds to trial, we would not be referring to people we are questioning as "Child Victim 1" or "Complaining Witness 1;" they would have to state their name for the record, etc., and it would be both weird and kind of rude for us to refer to the person as such when talking with them. That is the reason I put the qualifier "non-trial."

As an alternative, how about we add the following or similar to the end of paragraph 12: "Should this matter proceed to trial, the parties will seek a separate Court Order delineating how these individuals will be addressed during trial proceedings."

Best,

Christina

**From:** McCall, Christina (USACAE) <████████████████>
**Sent:** Thursday, October 3, 2024 12:55 PM
**To:** Christina Sinha <████████████████>   Klein, Alexis (USACAE) <████████████████>
**Subject:** RE: US v. Hayes (24-mj-119) - proposed protective order

Hello Christina. We made the first three changes you requested. We revised paragraph 12 but did not replace it with your proposal. Please let us know if we have permission to file this version.

Thank you,
Christina

Christina McCall, Assistant United States Attorney, Eastern District of California.
501 I Street, Suite 10-100, Sacramento, CA 95814. (916) 554-2793. ████████████████

**From:** Christina Sinha <░░░░░░░░░░░░░░░░>
**Sent:** Thursday, October 3, 2024 12:20 PM
**To:** Klein, Alexis (USACAE) <░░░░░░░░░░░░░░░░>
**Cc:** McCall, Christina (USACAE) <░░░░░░░░░░░░░░░░>
**Subject:** [EXTERNAL] RE: US v. Hayes (24-mj-119) - proposed protective order

Good morning again Alexis,

Does the government agree with the following edits (in italics) to the proposed protective order:

- Paragraph 2: "…or other person *besides the defendant* ("protected discovery")."
- Paragraph 4: "…a defense investigator *or paralegal*, but may not…"
- Paragraph 8:
  - "…the following *or similar* notation is *affixed* ~~physically written or inscribed~~ on each copy made…"
- Paragraph 12 (strike in entirety and replace with):
  - "*If it becomes necessary to refer to an alleged victim or minor witness during any non-trial public proceeding, or in any public filing, the parties shall use agreed-upon pseudonyms, not the actual name nor the initials of the person. For example, the defense will refer to the person identified as "Child Victim 1" in the complaint as Complaining Witness 1.*"

Feel free to call me if you'd like to discuss this. If these are agreeable to you, then with these modifications, you have my consent to file the stipulation and proposed order.

Best,

Christina

**From:** Christina Sinha
**Sent:** Thursday, October 3, 2024 11:58 AM
**To:** 'Klein, Alexis (USACAE)' <░░░░░░░░░░░░░░░░>
**Cc:** McCall, Christina (USACAE) <░░░░░░░░░░░░░░░░>
**Subject:** RE: US v. Hayes (24-mj-119) - proposed protective order

Hi Alexis,

Thank you, I will take a look at this right now.

Best,

Christina

**From:** Klein, Alexis (USACAE) <░░░░░░░░░░░░░░░░>
**Sent:** Thursday, October 3, 2024 11:56 AM
**To:** Christina Sinha <░░░░░░░░░░░░░░░░>
**Cc:** McCall, Christina (USACAE) <░░░░░░░░░░░░░░░░>
**Subject:** US v. Hayes (24-mj-119) - proposed protective order

Hi Christina,

Please find attached a draft stipulation and proposed protective order governing discovery in this matter. We will sign and file with you permission. If you have questions, please do not hesitate to call or email.

Thank you,

**Alexis Klein | Assistant United States Attorney | Eastern District of California**
Robert T. Matsui United States Courthouse | 501 I Street, Suite 10-100 | Sacramento, CA 95814
t. (916) 554-2772 |  f. (916) 554-2900 |  e. ▮

7