PHILLIP A. TALBERT
United States Attorney
ALEXIS KLEIN
CHRISTINA M. McCALL
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>DARAGH HAYES,<br><br>  Defendant. | CASE NO. 2:24-CR-00280 DJC<br><br>**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY**<br><br>DATE: November 15, 2024<br>TIME: 2:00 p.m.<br>COURT: Hon. Allison Claire |

## I.  INTRODUCTION

The government opposes defendant Daragh Hayes' motion to compel discovery, ECF No. 25, because: (1) the government is complying with its discovery obligations and is not withholding discovery from defense counsel; (2) Rule 16 provides a right to inspect and copy documents if they are material to preparing the defense and defense counsel has not met his burden to establish materiality, especially since he has not made any effort to view the protected discovery; and (3) defense's *Brady* violation allegation has no basis in fact or law. Counsel for the defendant has made sweeping, baseless allegations, and is asking this Court for a vague remedy without having first made any effort to review the discovery in question or locate any legal authority to cite to the Court in support of his position.

Electronic evidence subject to the discovery protection provisions in 18 U.S.C. § 3509(m) has been made available for defense review at the Federal Bureau of Investigation (FBI) Sacramento office since the grand jury returned the Indictment in this case. The government also quickly produced

approximately 873 pages of discovery to counsel for the defendant.[1]  The remaining protected discovery concerning a minor victim – approximately 116 pages – has been made available for defense inspection, in clear compliance with the plain language of Rule 16 and Section 3509.  Defense counsel does not offer any rule or case law to support the legal theories in his motion, nor any description of the discovery he seeks to compel.  Defense counsel has not arranged to review any 3509(m) or protected discovery, nor actually come to review any discovery, instead claiming the government's failure to create copies for the defendant to personally review while in custody interferes with counsel's ability to prepare for trial, ability to consult with the defendant, and undermines the defendant's Sixth Amendment rights.  This is not the law.  Since the defense has not presented a cognizable legal basis for his motion, it should be denied in its entirety.

## II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Given the sensitive nature of this case, the government respectfully incorporates by reference the facts contained in the criminal complaint (ECF No. 1).

Federal agents executed a search warrant at defendant's residence on October 1, 2024, and Magistrate Judge Kim authorized a criminal complaint alleging sexual exploitation of a minor on October 2.  ECF No. 1.  Following the initial appearance on October 2, and after being informed that the defendant wished to have the Irish Consulate notified of his arrest, government counsel initiated contact with the Vice Consul of Ireland in San Francisco and put that official in touch with counsel for the defendant.

A federal grand jury returned the Indictment against Hayes on October 10.  ECF No. 9.  The next day, the government produced 873 pages/items of discovery, along with a detailed discovery letter, and an invitation to arrange a time to view electronic evidence that must remain in the possession of the government and court, pursuant to 18 U.S.C. § 3509(m), as well as an invitation to review sensitive information concerning a child victim at the U.S. Attorney's office until a protective stipulation and order are in effect.  ECF No. 25-1.

On Friday, October 24, counsel for defendant filed a motion to compel discovery, which

---

[1] The government expects to produce an additional 111 pages of discovery, some containing redactions, this week.  This discovery has also been made available to defense counsel for inspection.

contained information concerning a minor victim on page 1, line 25, and attached a string of email messages between counsel that included additional identifying information about the victim. *See* ECF Nos. 16, 16-3. After attorneys for the government alerted counsel for the defendant and the Court Clerk's office to the information concerning a minor victim, the Clerk's office temporarily restricted access to the motion to compel documents and issued a Notice of Docket Correction, directing counsel for the defendant to redact and re-file the motion and exhibits. ECF No. 17. The government filed a motion requesting a brief extension of time to respond to the motion. ECF No. 20. The Court granted the government's request to continue the hearing on defendant's motion to compel discovery for one week. ECF No. 21.

After the Court granted the request for a one-week hearing extension, counsel for defendant filed a motion to reconsider the Court's order. ECF No. 22. The government opposed the motion for reconsideration (ECF No. 23), and the Court issued an order denying the motion for reconsideration and clarifying the redactions that were necessary to re-file the motion to compel. ECF No. 24. Defendant re-filed the motion, with the Court-specified redactions, on October 31. ECF No. 25. This filing included an unenforceable declaration which stated that he agrees "to the importance of protecting the privacy of minors in criminal proceedings, as mandated by 18 U.S.C. § 3509(d) and related statutes." ECF No. 25-4. Defense counsel, however, has continued to maintain that the redacted information was not covered by Section 3509 and counsel did not believe he should refrain from using that information in court and in pleadings moving forward.

### III.   STATUS OF DISCOVERY AND DEFENSE COUNSEL'S DISCOVERY DEMANDS

On October 3, the day after the complaint was issued, government counsel provided a proposed protective order to defense counsel to quickly produce the initial batch of discovery in this case. ECF No. 25-3. However, after a series of communications (ECF No. 25-3), the parties have been unable to agree on paragraph 12 of the stipulation, despite many other Project Safe Childhood cases in this district having protective stipulations and orders containing a very similar paragraph. *See:* 2:19-cr-00044 ECF No. 19 at 3; 2:23-mj0024 ECF No. 16 at 3; and 2:23-cr-00288 ECF No. 16 at 3. The paragraph in question was proposed as:

If it becomes necessary to refer to an identified victim or minor witness during any public

court proceeding or in a public court filing, the parties shall use designated victim numbers for the identified victim or minor witness, not the actual name of the identified victim or minor witness.

The day after the grand jury returned the Indictment, the government produced 873 pages of discovery, made protected material concerning a child victim available for review at the U.S. Attorney's Office (which is three blocks away from the Federal Public Defender's office, and is inside the federal courthouse), and offered to arrange a review of 3509(m) material at the FBI office in Roseville. The material made available concerning the child victim consists of approximately 116 pages or items, including the defendant's recorded interview, the search warrant documents, and the defendant's communications with an undercover employee. Some of the protected material contains descriptions of material covered by Section 3509(m), as well as personal identifying information of Child Victim 1 and others. The crucial evidence in this case – Section 3509(m) Child Sexual Exploitation/ Abuse ("CSAM") material – is digital evidence in the custody of the FBI, which remains available for defense counsel's review.

The government has also prepared an additional 111 pages of discovery for production. This material was previously made available with the protected discovery and continues to be available for inspection without redactions. It should be produced to defense counsel by the end of this week.

Defense counsel now demands the Court order the government to "provide full and unrestricted access to all non-CSAM discovery materials" "without the undue burden of restricting access to the U.S. Attorney's office." ECF No. 25 at 10-11. Defense counsel claims that, even though there is no protective stipulation and order in this case, "[r]equiring the defense to review these materials exclusively at the U.S. Attorney's Office imposes an undue logistical burden and interferes with the defense's ability to adequately prepare for trial." ECF No. 25 at 6. No trial date has been set in this case, which is approximately 41 days old.

### IV.     ARGUMENT

A. **The government has complied with its discovery obligations by making 116 pages of confidential discovery concerning a minor victim available for inspection, in addition to producing other discovery directly to counsel**

"There is no general constitutional right to discovery in a criminal case." *Weatherford v. Bursey*,

429 U.S. 545, 559 (1977).  Rather, criminal discovery is limited by statute, rules of criminal procedure, and precedent to four categories: (1) items discoverable under Rule 16 of the Federal Rules of Criminal Procedure; (2) material information discoverable under Brady; (3) evidence relating to a witness's credibility or bias that is discoverable under Giglio; and (4) witness statements related to the subject matter of the witness's testimony, discoverable under the Jencks Act.  *See* Fed. R. Crim. P. 16; *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); 18 U.S.C. § 3500; Fed R. Crim. P. 26.2 (Jencks Act).

Two statutes color the discovery analysis when it comes to sexual exploitation cases like this one.  First, the Crime Victim's Right Act gives victims the rights "to be reasonably protected from the accused" and to be treated "with respect for the victim's dignity and privacy."  18 U.S.C. § 3771(a)(1), (8).  Second, 18 U.S.C. § 3509(d) provides privacy protection for child victims and permits protective orders protecting the child from public disclosure of the name or other information concerning the child.

To obtain discovery under Rule 16, a defendant must make a *prima facie* showing of materiality. *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990). "Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." Id.; *see also United States v. Liquid Sugars, Inc.*, 158 F.R.D. 466, 471 (E.D. Cal. 1994) ("[R]equests which are designed to generally cast for impeachment material . . . are not material. Such requests are instead simply speculative inquiries without basis in fact to believe that the information acquired will be significantly helpful.") and *United States v. Mincoff*, 574 F.3d 1186, 1200 (9th Cir. 2009) ("[M]ere speculation about materials in the government's files [does] not require the district court to make those materials available, or mandate an in camera inspection.").

Defense counsel has failed to make any prima facie showing of materiality, and therefore his motion should be denied.

As a starting point, 18 U.S.C. § 3509(m) covers the most important evidence in this case, and pursuant to the statute, the government has continued to make this CSAM material available for review at the Sacramento FBI office.  The government has also continued to comply with its statutory and other legal discovery obligations by producing hundreds of pages of discovery at the very beginning of the

case.

Defense counsel does not define the materials he demands the Court order the government to produce. Counsel does not explain, and cannot, because there is no legal basis, how making materials available for inspection at nearby government offices does not comply with the plain language of Rule 16. Counsel does not cite any cases in support of his sweeping accusations and arguments under the "Violations of Rule 16 and *Brady*" header, beginning on page 6, lines 16, continuing to page 7, line 5, of his brief. Counsel makes a baseless claim that the government making materials available for defense inspection, consistent with the plain language of Rule 16, means counsel "is unable to consult with [the defendant]," thereby "undermin[ing] the defendant's Sixth Amendment right to assist in his own defense and create[ing] a substantial obstacle to meaningful trial preparation."

Counsel has made a baseless allegation that the government has "violate[d] its clear discovery obligations under Rule 16 …," despite the government's clear and timely compliance with the plain language of the statute. Defense counsel has not attempted to review any of the discovery he claims he is entitled to have copies produced by the government of, nor located any case law supporting his demands, before filing the pending motion to compel. The government respectfully submits this is because the law does not support defense counsel's theories and demands. Indeed, there is no constitutional right for a defendant to physically possess discovery materials. *See, e.g., United States v. Yandell*, No. 19-CR-00107-KJM, 2019 WL 5587291, at *2 (E.D. Cal. Oct. 30, 2019) ("This court can find no authority to support a constitutional right for the defendants to physically possess discovery materials."). Because the defense has failed to define what it asks this Court to compel, and has not provided any authority supporting its motion, the Court may separately deny the motion to compel on this basis.

**B.    The government has in no way violated *Brady* by quickly making 3509(m) material and sensitive child victim material available for review by defense counsel**

As with its Rule 16 claims, the defense has not provided any facts to support its accusation that the government has withheld material, exculpatory evidence. Like the Rule 16 arguments discussed above, defense counsel filed to provide any legal authority in support of the motion to compel on the *Brady v. Maryland* ground. To date, the government has made available extensive evidence for counsel

to inspect – including key electronic evidence, which defense counsel has not bothered to review.  The sweeping, baseless allegations contained in the motion are simply not true.

Under *Brady*, the government must disclose information favorable to the accused that "is material either to guilt or to punishment." 373 U.S. at 87.  Evidence is material for *Brady* purposes if a "reasonable probability" exists that the result of a proceeding would have been different had the government disclosed the information to the defense.  *United States v. Bagley*, 473 U.S. 667, 682 (1985).  A reasonable probability is one that is "sufficient to undermine confidence in the outcome" of either the defendant's guilty plea or trial.  *Id.*  Unlike discovery under Rule 16(a), which entitles a defendant to the materials specified in the Rule, *Brady* is a self-executing obligation entrusted to the government.  *See, e.g., United States v. Jennings*, 960 F.2d 1488, 1491 (9th Cir. 1992) (noting that prosecution has responsibility for ensuring compliance with Brady); *United States v. Henthorn*, 931 F.2d 29, 30 (9th Cir. 1991) (holding that the government must conduct initial review of law enforcement personnel records to determine whether to disclose under *Brady*).

If defense counsel spends a mere two or three hours reviewing the 3509(m) material at the FBI and the protected material at the U.S. Attorney's office, he would quickly see that the material is incredibly incriminating, not remotely exculpatory.  The government respectfully requests the Court deny the defense motion, since defense counsel has failed to demonstrate any viable basis, in fact or law, for his claims and accusations that the government has violated its *Brady* obligations.  *See Pennsylvania v. Ritchie*, 480 U.S. 39, 58 n.15 (1987) (the defendant may not require the trial court to search through the government's file without first establishing a basis for his claim that it contains material evidence).

C. **18 USC §§ 3509 and 3771 define "victim" – it is clear Child Victim 1 is protected under these statutes and has a statutorily defined title in these proceedings; following this law in no way undermines the presumption of innocence in this case**

Defense counsel insists Child Victim 1 cannot be referred to in court filings as any kind of victim.  In doing so, defense counsel implies this Court and others in this district will not apply the law properly or may infringe on his client's rights if the terms "Child Victim 1," "alleged victim" or even simply "CV1" are used in court filings.  Defense counsel seems to argue using any kind of term that incorporates a reference to "victim" erodes the presumption of innocence, apparently claiming the

Judges in this district would somehow change the way they rule on motions or handle this case if the statutorily recognized victim in this case were instead called the "Identified Minor." Again, this is another argument presented by defense counsel without any legal authority.

There are specific statutory definitions applicable to certain parties to criminal matters, including victims. 18 U.S.C. §§ 3509 ("Child victims' and child witnesses' rights") and 3771 (the Crime Victims' Rights Act), for example, set forth specific rights of a minor identified as a victim in a criminal case, including: alternatives to live in-court testimony (§3509(b)); privacy protection, including protective orders and filing court documents under seal (§3509(d)); closing the courtroom (§3509(e)); guardian ad litem appointment (§3509(h)); prohibition on reproduction of child pornography (§3509(m)); the right to be treated with respect for the victim's dignity and privacy (§3771(a)(8)); and the right to be reasonably protected from the accused (§3771(a)(1)).

There is an overwhelming amount of statutory authority and case law referring to individuals identified as victims by the prosecution as the "victim" or "alleged victim" in legal pleadings and opinions. *See Doe v. United States*, 950 F.Supp.2d 1262 (S.D.F.L. June 19, 2013) (identifying Jane Does 1 and 2 as "crime victims" under the CVRA); *United States v. Abundiz*, 93 F.4th 825 (5th Cir. 2024) (discussing 3509 and its application to the "child victim" in that case); *United States v. Wilson*, 1:22-cr-77, 2022 WL 2679433 (N.D. Miss. July 11, 2022) (applying CVRA to "alleged victims"); *United States v. Yazzie*, 743 F.3d 1278 (9th Cir. 2014) (referring to victims as "child victims" and "victims", in addition to use of initials during trial); *United States v. Etimani*, 328 F.3d 493 (9th Cir. 2003) (using initials as well as "child victim" and "victim", including the trial court specifically referring to the child victim as the "victim" during an evidentiary hearing mid-trial). Nothing about this practice yields the results defense counsel claims – it is not prejudicial, or "inconsistent with the presumption of innocence," (ECF No. 25 at 8) nor does it undercut "fairness and neutrality before any formal adjudication of the facts" (ECF No. 25 at 8). Instead, the government has used, and continues to suggest, a statutorily defined term to properly identify a party to this action that has specific, delineated rights as determined by Congress.

Should this matter proceed to trial, the assigned trial judge can determine the appropriate way to refer to Child Victim 1 at trial. Any arguments regarding the defendant's right to a fair trial are

premature and unfounded at this juncture, especially since the defense has again not presented any legal authority to the Court in support of his arguments surrounding this issue. Defense counsel's declaration (ECF No. 25-4), in which he states a commitment to safeguarding the minor victim's privacy, is unenforceable, and as shown by the initial unredacted motion that revealed information concerning the minor victim, insufficient to effectively enforce the child victim and confidentiality provisions contained in 18 U.S.C. §§ 3771 and 3509.

## V.   CONCLUSION

For all the reasons stated above, the Court should summarily deny the defense motion to compel discovery.

Dated:  November 12, 2024

PHILLIP A. TALBERT
United States Attorney

By:  /s/  CHRISTINA McCALL and ALEXIS KLEIN
CHRISTINA McCALL
ALEXIS KLEIN
Assistant United States Attorneys