HEATHER E. WILLIAMS, #122664
Federal Defender
ANDREW FRANCISCO, DC SBN #1619332
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Tel: 916-498-5700
Andrew_francisco@fd.org

Attorney for Defendant
DARAGH FINBAR HAYES

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 2:24-cr-00280-DJC |
|---|---|---|
| Plaintiff, | ) | **NOTICE OF MOTION; MOTION TO UNSEAL ECF NO. 16** |
| vs. | ) | |
| DARAGH FINBAR HAYES, | ) | Date: December 9, 2024 |
| | ) | Time: 2:00 P.M. |
| Defendant. | ) | Judge: Hon. Chi Soo Kim |

TO: **PHILLIP TALBERT, UNITED STATES ATTORNEY, ALEXIS KLEIN AND CHRISTINA MCCAUL, ASSISTANT UNITED STATES ATTORNEYS, COUNSEL FOR PLAINTIFF:**

**PLEASE TAKE NOTICE** that on December 9, 2024, at 2:00 p.m., or as soon thereafter as counsel may be heard, Defendant, by and through his attorney of record, Assistant Federal Defender Andrew Francisco, will bring the following motion to unseal ECF No. 16 for hearing before the Honorable Chi Soo Kim, United States Magistrate Judge.

## I.   INTRODUCTION

Defendant Daragh Finbar Hayes respectfully moves this Court to unseal ECF No. 16, Defendant's Motion to Compel Discovery, and to issue findings that the Clerk of the Court acted without legal authority in restricting public access to the document, and the government's informal request for the Clerk's intervention constituted an improper intrusion into judicial processes.

-1-

On October 25, 2024, the Clerk restricted public access to Defendant's motion within minutes of receiving an informal email from the government. This action, taken without judicial approval, violated Local Rule 140(e) and the presumption of public access under Local Rule 141.1(a)(1). Subsequently, the Court issued an order directing Defendant to file a redacted version of the motion but failed to cite any authority for maintaining restrictions on the unredacted filing or to address the procedural impropriety of the Clerk's actions.

Defendant's filing does not disclose identifying information about the alleged minor victim, and Ninth Circuit precedent establishes that relational terms, gender pronouns, and general descriptors do not violate statutory privacy protections. The Clerk's unauthorized actions, combined with the government's improper request, undermine the neutrality and transparency of the judicial process, warranting immediate correction.

## II.   RELEVANT FACTUAL AND PROCEDURAL HISTORY

Mr. Hayes is charged with Sexual Exploitation of a Minor in violation of 18 U.S.C. § 2251(a) and (e). He was initially charged by criminal complaint on October 2, 2024, and was ordered detained at his initial appearance due to concerns about flight risk and community safety. ECF No. 4. He was indicted by a federal grand jury on October 10, 2024, and arraigned on October 16, 2024, at which time he entered a plea of not guilty. ECF No. 14. Before arraignment, the government produced an initial set of discovery on October 11, 2024, which included photographs and records. These materials, on their own, are neither incriminating nor provide direct proof of the allegations against Mr. Hayes.

The government imposed restrictive conditions on the defense's access to the remainder of the discovery, citing 18 U.S.C. § 3509(d). The government conditioned the production of these materials on the defense agreeing to use terms that include the word "victim" to describe the minor who is the alleged subject of Mr. Hayes' criminal conduct. Until such agreement was

reached, the government required that the defense review these materials—which do not constitute child sexual abuse materials (CSAM) covered under § 3509(m)—exclusively at the U.S. Attorney's Office. On October 16, 2024, undersigned counsel submitted a letter requesting that the government produce open-file discovery in compliance with Rule 16 of the Federal Rules of Criminal Procedure.

On October 18, 2024, the defense formally raised concerns about the restrictions imposed on non-CSAM materials, arguing that § 3509(d) does not apply to such materials and should not prevent the defense from obtaining copies of them. In the same correspondence, the defense addressed the government's proposed protective order and suggested the use of neutral terms, such as "Identified Minor" or "Referenced Minor," instead of "Child Victim," to avoid prejudicial assumptions before adjudication. The defense requested less restrictive conditions to facilitate trial preparation.

In an email dated October 23, 2024, Assistant U.S. Attorney Alexis Klein effectively reiterated the government's position, maintaining that non-CSAM materials should remain restricted and accessible only at the U.S. Attorney's Office unless the defense agreed to the government's proposed protective order. The government refused to accommodate the defense's concerns about access and terminology, further constraining the defense's ability to prepare for trial.

On October 25, 2024, the defense filed a Motion to Compel Discovery, which included relational terms and gender pronouns. The motion adhered to privacy protections under § 3509(d), omitting any personally identifying information. Later that same day, at 3:44 PM, Assistant United States Attorney Christina McCall emailed the Clerk of the Court, asserting that the motion violated § 3509(d) and requesting immediate restriction of public access. Ex. A. By 3:50 PM, the Clerk confirmed that public access to ECF No. 16 had been restricted. *Id.* This

action was taken without judicial authorization.

The Clerk subsequently issued a notice directing the defense to file a redacted version of the motion. ECF No. 17. In response, the defense filed a Request to Seal, complying with the Clerk's directive while expressly reserving the right to challenge the government's assertion that the filing violated § 3509(d) or any related statute. ECF No. 18. The defense also reserved the right to dispute the propriety of the government's intervention with the Clerk in restricting access to the motion. *Id.*

On October 28, 2024, the Court via minute order denied the defense's motion to seal without prejudice, stating that the defense had not provided sufficient authority to justify sealing the entire filing. ECF No. 19. The Court referenced the presumption of public access under Local Rule 141.1(a)(1) and suggested that redacted versions could be filed to protect sensitive information. However, the minute order did not expressly direct the defense to file redacted copies, and its vague language reasonably led the defense to believe that public access to the unredacted filing was permissible. *See id.*

On October 30, 2024, the Court issued an order addressing the defense's procedural concerns and clarifying its intent with respect to ECF No. 19. *See* ECF No. 24. The Court directed the defense to file redacted versions of the motion to compel by November 1, 2024, purportedly to "facilitate the consideration of the discovery motion on its merits without further delay, without potentially compromising the legitimate privacy interests of the alleged victim, and without unduly extending the denial of public access to the substance of the motion." *Id.* The Order also stated that, "*pending hearing on the motion to compel discovery* (ECF No. 16), electronic access to the unredacted documents filed at ECF No. 16 will remain restricted." *Id.* (emphasis added). This language created a reasonable expectation that the Court would address the propriety of these restrictions, as well as the procedural and substantive concerns surrounding

the Clerk's and prosecution's actions, during the upcoming hearing.

The government filed its opposition to the Motion to Compel on November 5, 2024, reiterating its position that the defense's filing violated § 3509(d) and opposing broader discovery access. ECF No. 27. In reply, the defense underscored that the filing complied with privacy protections under § 3509(d) and Ninth Circuit precedent, which permits relational terms and gender pronouns in public filings without violating privacy laws. ECF No. 29. The defense also argued that the government's restrictions on non-CSAM materials were unsupported by law. *Id.*

On November 15, 2024, the Court held a hearing on the defense's motion to compel and subsequently denied the motion without prejudice. The hearing did not resolve these issues, as the Court neither revisited the Clerk's procedural overreach nor addressed the government's conduct in circumventing judicial oversight to secure the Clerk's intervention through its October 25, 2024, email. Similarly, the Court did not rule on whether the use of relational terms and general descriptors in ECF No. 16 violated § 3509(d), leaving the procedural irregularities and substantive questions surrounding the Clerk's actions and the government's conduct unaddressed.

To date, the Court has not revisited these procedural disputes, and the unredacted filing remains improperly restricted from public access.

### III.    LEGAL STANDARDS

The presumption of public access to judicial records is a cornerstone of both constitutional and common-law principles. Local Rule 141.1(a)(1) codifies this presumption, providing that:

> All information provided to the Court in a specific action is presumptively public, but may be sealed in whole or in part only upon a request that establishes that the information is privileged or otherwise legally protected. The request must set forth the statutory or other authority for sealing, the requested duration, the identity, by

>name or category, of persons to be permitted access to the sealed documents, and all other relevant information.

E.D. Cal. Local R. 141.1(a)(1). This rule aligns with the Supreme Court's decision in *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 9 (1986), which held that public access to court records fosters transparency, accountability, and public confidence in judicial proceedings. Judicial oversight of sealing requests ensures that public access is restricted only where compelling reasons exist.

Local Rule 140(e) reinforces this principle by limiting the authority to redact or seal court records to the judiciary: "No person other than the Court may seal or redact court records. The Clerk does not have the authority to seal or redact documents without an order from the Court." E.D. Cal. Local R. 140(e). This limitation ensures that decisions affecting public access are made by a neutral arbiter, preserving fairness and preventing administrative overreach.

The privacy protections under 18 U.S.C. § 3509(d) are intended to safeguard the identities of minor victims in criminal cases. The statute provides that: "All papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order." 18 U.S.C. § 3509(d)(2). While this provision mandates the sealing of filings containing identifying information about minors, it applies specifically to "the name of or any other information concerning a child" that would reveal their identity.

Legislative history supports this narrower interpretation. In *United States v. Harris*, the court observed that the statute was designed to prevent the disclosure of specific identifying details, such as "names and addresses," rather than general descriptors. 761 F. Supp. 409, 414 (D.D.C. 1991) (citing Congressman DeWine's remarks during the statute's enactment). This reflects Congress's intent to protect minors from public exposure while preserving transparency and fairness in judicial proceedings.

The use of initials in filings involving minors further illustrates this balance. Federal Rule of Criminal Procedure 49.1(a)(3) requires that filings include "only the minor's initials," while Local Rule 140(a) similarly directs parties to avoid including minors' names. These rules provide a neutral mechanism for protecting minors' privacy without impairing the clarity or accessibility of court records. Relational terms, age references, and gender pronouns function in the same way as initials—they provide necessary context while protecting the minor's identity from disclosure to the general public.

When read together, Local Rule 140(e) and § 3509(d)(2) assign complementary responsibilities. Section 3509(d)(2) obligates the filing party—not court staff—to identify and seal materials containing a minor's identifying information. Local Rule 140(e), in turn, ensures that court staff, including the Clerk, cannot independently redact or restrict access without judicial approval. These provisions operate harmoniously to balance the need for protecting minor victims with the presumption of public access.

The Crime Victims' Rights Act (CVRA) also provides privacy protections, granting victims "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). However, the CVRA does not mandate sealing or redaction of public filings containing neutral relational terms or general descriptors. Instead, it complements § 3509(d) by addressing broader principles of fairness, which remain intact even when neutral terms are used in public filings.

Finally, the Ninth Circuit's consistent use of relational terms and gender pronouns in public opinions involving § 2251 and similar statutes underscores that such language is permissible under § 3509(d). For example, the Ninth Circuit has repeatedly used descriptors such as "stepdaughter," "daughter," and "granddaughter" in its decisions without violating statutory privacy protections. These practices reflect the judiciary's practical interpretation of § 3509(d)

-7-

and its acknowledgment that neutral relational terms do not undermine the statute's protective purpose.

### IV.   ARGUMENT

**A. The Clerk's Actions Were Procedurally Improper**

The Clerk of Court exceeded its authority by restricting public access to ECF No. 16 without judicial approval, in clear violation of Local Rule 140(e). This rule expressly prohibits the Clerk from sealing or redacting court records without an order from the Court. By taking unilateral action at the prosecution's informal request, the Clerk bypassed the judicial oversight necessary to ensure neutrality and transparency in judicial proceedings.

The email correspondence between the prosecution and the Clerk highlights the impropriety of this action. At 3:44 PM on October 25, 2024, the prosecution emailed the Clerk, asserting that ECF No. 16 violated 18 U.S.C. § 3509(d) and requesting immediate restriction of public access. Ex. A. The Clerk restricted access within six minutes of receiving this email, as confirmed in a 3:50 PM response. *Id.* This timeline reveals that the Clerk acted on the government's request with only one minute of consideration, a failure of independent judgment that undermines the Clerk's role as a neutral administrator. By immediately complying with the government's directive, the Clerk acted as an agent for the prosecution rather than as an impartial custodian of judicial records.

Even assuming the Clerk believed § 3509(d)(2) mandated sealing, this statute places the burden on the *parties*—not the Clerk—to identify and seal filings containing a minor victim's identifying information. The statute does not empower the Clerk to evaluate filings or act sua sponte. The Clerk's misunderstanding of its role led to a procedural violation of Local Rule 140(e) and an unwarranted restriction of public access.

Moreover, the Court's silence on these critical issues is particularly troubling given its own acknowledgment in ECF No. 24 that restrictions on public access should be narrowly tailored and temporary. The Order explicitly stated that electronic access to the unredacted filing would remain restricted "pending hearing on the motion to compel discovery," suggesting that the propriety of these restrictions would be revisited during the hearing. By failing to address these procedural irregularities or the substantive questions about § 3509(d) at the hearing, the Court left unresolved the very issues it flagged as significant.

**B. The Prosecution's Conduct Was Both Procedurally and Substantively Improper**

The prosecution's informal request to the Clerk compounded the procedural improprieties in this case and introduced substantive errors into the process. By engaging directly with the Clerk to restrict public access to ECF No. 16, the government circumvented the adversarial process and improperly influenced court staff. This procedural shortcut denied the defense the opportunity to challenge the government's assertions before a neutral arbiter and subverted the procedural safeguards that ensure judicial transparency and fairness.

In addition to its procedural impropriety, the prosecution's conduct was substantively flawed. The government misapplied § 3509(d) by asserting that the defense's motion disclosed identifying information about the minor victim. In fact, the filing contained no such information; instead, it used relational terms and general descriptors that do not violate the privacy protections under § 3509(d). By mischaracterizing the content of the filing, the prosecution introduced unnecessary restrictions on public access, undermining the transparency required of judicial proceedings.

The government's reliance on the CVRA is similarly misplaced. While the CVRA grants victims "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy," 18 U.S.C. § 3771(a)(8), it does not authorize the prosecution to bypass judicial

oversight or direct court staff to take unilateral action. The government's approach risks eroding public confidence in the judiciary by creating the appearance that court staff act at the prosecution's direction rather than as impartial administrators.

### C. The Filing Does Not Warrant Restriction

The defense's motion to compel discovery adheres to the privacy protections mandated by 18 U.S.C. § 3509(d) and relevant procedural rules. *See* ECF No. 16. The motion employs neutral relational terms and general descriptors that do not disclose the minor's identity to the general public. This approach aligns with the statute's intent to protect minors from public exposure while maintaining transparency in judicial proceedings.

The legislative history of § 3509(d) supports this interpretation. In *United States v. Harris*, the court examined the statute's background, citing Congressman DeWine's remarks that emphasized preventing the disclosure of names and addresses of child victims or witnesses. 761 F. Supp. At 414. This focus indicates that Congress aimed to shield specific identifying information, not to impose broad restrictions on all descriptive terms. *Id.* ("The legislative history indicates that Congress intended to shield the names and addresses of child victims and witnesses from public disclosure.").

The district court's analysis in *Harris* is consistent with the common practice of using initials in court filings involving minors. Federal Rule of Criminal Procedure 49.1(a)(3) permits the use of a minor's initials in court documents to protect their identity. Similarly, the Local Rules for the Eastern District of California endorse this practice. *See* E.D. Cal. Local R. 140(a).[1]

---

[1]Local Rule 140(a) states, in relevant part:

> In compliance with the policy of the Judicial Conference of the United States and the E-Government Act of 2002, and in order to promote electronic access to case files while also protecting personal privacy and other legitimate interests, parties shall refrain from including, or shall partially redact where inclusion is necessary, the following personal data identifiers from all pleadings, documents, and exhibits, whether filed electronically or in

-10-

The use of initials reflects a careful balance between protecting the minor's identity from public exposure and ensuring clarity and neutrality in judicial filings. While it is possible that individuals personally familiar with the case could deduce the minor's identity through context, such instances are incidental to the statute's primary goal: preventing identification by the general public.

Relational terms, age references, and gender pronouns function similarly to initials—they provide necessary context without revealing the minor's identity to the general public. The government's expansive interpretation of § 3509(d), which seeks to restrict these neutral descriptors, lacks support in the statute's text and legislative history. Such an interpretation imposes unnecessary limitations on public access and transparency, contrary to the statute's purpose.

The Ninth Circuit's consistent use of relational terms and general descriptors in opinions addressing cases under § 2251 further supports the defense's interpretation of § 3509(d). For instance, in *United States v. Boam*, 69 F.4th 601 (9th Cir. 2023), the court referred to the minor victim as the defendant's "fourteen-year-old stepdaughter," and in *United States v. Mendez*, 35 F.4th 1219 (9th Cir. 2022), the court described the minor as the "fourteen-year-old daughter" of the defendant's girlfriend. These cases and others, such as *United States v. Overton*, 573 F.3d 679 (9th Cir. 2009) (defendant's "stepdaughter"); *United States v. Evans-Martinez*, 530 F.3d 1164 (9th Cir. 2008) (defendant's "oldest daughter"); *United States v. Williamson*, 439 F.3d 1125 (9th Cir. 2006) (defendant's "granddaughter"); and *United States v. Wright*, 373 F.3d 935 (9th Cir. 2004) (defendant's "11-month-old son"), illustrate that relational terms and general descriptors do not compromise a minor's privacy or violate § 3509(d). If such language

---

paper, unless the court orders otherwise: . . . (iii) the name of an individual known to be a minor, in which case use the minor's initials.

conflicted with the statute's privacy protections, the Ninth Circuit would not routinely use it in its published opinions. The defense's motion similarly adheres to these established standards and does not warrant restriction.

## V. CONCLUSION

For the foregoing reasons, the defense respectfully requests that the Court: (1) declare that the Clerk violated Local Rule 140(e) by restricting public access without a court order; (2) find that the prosecution improperly circumvented judicial oversight by directly requesting the Clerk's intervention; and (3) order the unsealing of ECF No. 16, as the filing complies with all applicable privacy protections.

The Court's intervention is necessary to restore public confidence in the neutrality of the judicial process, to uphold procedural safeguards, and to ensure transparency by removing unwarranted restrictions that violate the presumption of public access to judicial records.

November 21, 2024

           HEATHER E. WILLIAMS
           Federal Defender

           /s/*Andrew Francisco*
           ANDREW FRANCISCO
           Assistant Federal Defender
           Attorney for Defendant
           DARAGH FINBAR HAYES