PHILLIP A. TALBERT
United States Attorney
ALEXIS KLEIN
CHRISTINA McCALL
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>DARAGH FINBAR HAYES,<br><br>                Defendant. | CASE NO. 2:24-CR-00280 DJC<br><br>**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO UNSEAL**<br><br>DATE:  December 9, 2024<br>TIME:   2:00 p.m.<br>COURT: Hon. Chi Soo Kim |

## I.    INTRODUCTION

Defendant Daragh Hayes' motion to file an unredacted version of his already-denied motion to compel discovery includes an extraordinary, and unsupported, request for this Court to make findings against the Clerk's office and the government. Since defense counsel has not provided any authority in support of this motion, it should be denied. Separately, the Court may deny the defendant's motion because it is moot, given the issuance of a protective order. *See* ECF 35 at pg. 3, ¶ 12. Finally, defendant's motion should be denied because it is really a motion for reconsideration of Judge Claire's prior rulings, and the defense cannot demonstrate a legal or factual basis to "revisit[]" the Judge's orders, nor that Judge Claire's orders were clearly erroneous or contrary to law. *See* ECF 32 at pg. 5, 9.

## II.    FACTUAL AND PROCEDURAL HISTORY

The government incorporates by reference the procedural history set forth in ECF 27, the opposition to defendant's motion to compel discovery, and the facts set forth in the criminal complaint,

1

ECF 1. Since ECF 27 was filed, following full briefing and a hearing, Judge Claire denied the discovery motion that defense counsel now seeks to file unredacted. ECF 30.

On November 25, 2024, the parties presented a stipulation and proposed order for a protective order governing discovery and public filings in this case. ECF 34. That same day, Judge Peterson adopted the stipulation. ECF 35. Part of that protective order includes a requirement that "the parties shall not use [a minor or victim's] actual name or initials or relationship to the defendant … ." *Id.* at pg. 3, ¶ 12.

### III.     ARGUMENT

#### A.     The motion is moot due to the issuance of the stipulated protective order

The "relational" information defense counsel again seeks to make public falls squarely within the protective order issued at ECF 35. Indeed, Judge Claire specifically issued an order that this same information remain out of the public record. ECF No. 24 at 3 ("Defendant is ordered to file [] copies which redact the following information: all references to Child Victim 1's gender, including pronouns, and references to Child Victim 1's relationship to defendant, including but not limited to references at ECF No. 16 at pp. 1:25 and 10:12 and ECF No. 16-3 at pp. 1 (final paragraph) and 4 (final paragraph)"). Accordingly, due to the issuance of the protective order, the defense motion is moot and should be denied.[1]

#### B.     Defense counsel's request for extraordinary relief should be denied as there is no legal authority justifying the defense motion

Defense counsel asks this Court for an unprecedented order. Specifically, counsel moves the Court "to issue findings that the Clerk of the Court acted without legal authority in restricting public access to the document, and the government's informal request for the Clerk's intervention constituted an improper intrusion into judicial processes." ECF 32 at pg. 1.

---

[1] The government also notes that the *Boam, Mendez, Overton* and *Williamson* cases cited by the defense all involved orders issued after a public trial, where certain information was then made part of the public record. *See* ECF 32 at pg. 11-12. Similarly, the *Evans-Martinez* and *Wright* cases involved orders issued after contested sentencing hearings. *Id.* Nothing in these cases otherwise supports defense counsel's position that the information originally included in ECF 16 is outside the scope of 18 U.S.C. § 3509(d).

Counsel makes a variety of claims throughout his motion – all of which are false and wholly unsupported by the record in this case. These include claims that the Clerk's office and the government have "undermine[d] the neutrality and transparency of the judicial process, warranting immediate correction," that the "Clerk acted as an agent for the prosecution …" and misunderstands its role, Judge Claire's alleged "silence on these critical issues is particularly troubling …," and that the prosecution "improperly influenced court staff" and "create[d] the appearance that court staff act at the prosecution's direction rather than as impartial administrators." *Id*. at pg. 2, 8, 9, and 10. These claims are absurd, especially given the fact that, through the protective order, and through Judge Claire's specific redaction order (ECF 24), the restricted information should not be part of the public record. The Clerk's Office and the government acted appropriately, and timely, given counsel's apparent disregard for the statutory mandates and protections of 18 U.S.C. §§ 3771(a)(8) and 3509(d). There was nothing improper about counsel for the government alerting the Clerk's office (copying defense counsel) to identifying information concerning a minor victim contained in the defense motion, and requesting temporary restriction of public access until the issue could be resolved. In fact, Section 3509(d)(2) specifically provides: "All papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order." Defendant cites no case holding that asking the court clerk to temporarily restrict public access to a document that provides identifying information concerning a minor victim somehow, as defense claims, "undermined . . . the judicial process."

Defense counsel has not provided this Court with one case, statute, or any other legal authority supporting the orders and findings he is requesting the Court issue. Nor has counsel provided any kind of authority to support his sweeping and baseless allegations of improper conduct by the Clerk's Office and the government. This is not the first time defense counsel has filed a motion that included sweeping, baseless accusations against the government in this case. Counsel previously filed a motion to compel discovery (which is the document he now seeks to file without any redactions), accusing the government of violating *Brady* and infringing upon several of his client's constitutional rights. *See* ECF 25. Counsel's motion was denied by Judge Claire, following full briefing and a hearing. *See* ECF 30. In the briefing in support of that motion, counsel did not cite any authority supporting the claimed

1  violations or infringements. *See* ECF 27. At the hearing on the defense motion to compel, Judge Claire
2  specifically asked counsel if he could provide the Court with any Ninth Circuit precedent or any other
3  district court case supporting his position. After counsel conceded he could not, Judge Claire confirmed
4  that the Court could not find any case law supporting the defense position, either, and denied the motion.

5        While defense counsel argues that there is a "presumption of public access" to court filings, in
6  cases involving child victims, this general presumption is overridden by statute. Section 3509(d)
7  provides that the name or other information concerning a child shall be kept in a secure place, and shall
8  be filed under seal. In *United States v. Bice*, the District of Columbia Circuit affirmed the denial of
9  Bice's motion to unseal material witness proceedings for two of Bice's victims of child sexual abuse and
10 trafficking, holding that any arguable First Amendment right of access to a material witness proceeding
11 was overridden by a compelling interest in closing the proceedings, and that Section 3509(d) "forbids
12 disclosure of sensitive information." 649 F.3d 793 (D.C. Cir. 2011). In *Corley v. DOJ*, the same Circuit
13 Court found that Section 3509(d) "contains privacy protections for child victims and witnesses" and
14 unambiguously qualifies as a Freedom of Information Act ("FOIA") exemption. 998 F.3d 981 (D.C.
15 Cir. 2021). Consistent with Section 3509 and 3771, government counsel believes that the minor
16 victim's representatives would strongly oppose publicly disclosing the minor victim's identity or
17 information concerning the victim in this case, and that such disclosure would be detrimental, likely
18 causing emotional trauma and personal embarrassment. *See, e.g., United States v. Putillion*, No. 2:18-
19 cr-00186, 2018 U.S. Dist. LEXIS 179259 (S.D. W. Va., Oct. 18, 2018) (Granting a protective order as to
20 certain sensitive materials in a child exploitation case and ordering the minor victim to be referred to by
21 initials in all proceedings, finding that disclosing the minor's identity would be detrimental to the
22 minor).

23       Defense counsel repeatedly cites, and purportedly quotes, "*United States v. Harris*" at "761 F.
24 Supp. 409 [] (D.D.C. 1991)" in support of his assertion that ECF 16 should not be restricted. ECF 32 at
25 pg. 6, 10. The case at 761 F.Supp.409 does not stand for the proposition that defense counsel claims. In
26 fact, that case is *Harris v. Murray*, a 1990 decision out of the Eastern District of Virginia which affirms
27 the granting of a motion for summary judgment on an inmate's Section 1983 lawsuit. This cited case
28 does not contain any of the information claimed in defense counsel's brief. The government attempted

4

to locate the *Harris* case defense cites in its brief but was unable to find anything. For example, when the government searched the quote included on page 10 of the defense motion, allegedly from the *Harris* case, it returned 0 results on Westlaw and on Lexis.

As with counsel's previous motion, the government respectfully requests this Court deny the defense motion and request for order because it is wholly without merit.

### C. Defense counsel's motion seeks review of Judge Claire's orders by a new Judge and should be denied as an improper motion for reconsideration

Defense counsel had an opportunity to clarify Judge Claire's ruling on redaction of the motion to compel at the hearing on that motion, or to separately file a motion for reconsideration, to be heard by Judge Claire. Instead, counsel filed the pending motion, claiming Judge Claire "neither revisited the Clerk's overreach nor addressed the government's conduct in circumventing judicial oversight to secure the Clerk's intervention … leaving procedural irregularities and substantive questions … ." ECF 32 at pg. 5.

If defense counsel seeks to have "the Court [] revisit[] these [alleged] procedural disputes," a motion for reconsideration is the proper vehicle for "revisiting" a Court's order. The government respectfully submits that a motion for reconsideration, however, has not been presented because there is no factual or legal authority supporting such a motion. Instead, defense counsel has attempted to relitigate an issue already resolved by Judge Claire. Local Rules 303 and 430.1 govern motions for reconsideration, as does 28 U.S.C. § 636(b)(1)(A). A motion for reconsideration must be supported by "new or different facts or circumstances that are claimed to exist or did not exist or were not shown upon such prior motion or what other grounds exits for the motion," or a showing that the magistrate judge's order "is clearly erroneous or contrary to law." Local Rule 430.1(i); 28 U.S.C. § 636(b)(1)(A). Defense counsel's failure to request clarification from Judge Claire is not a reason to relitigate these issues here or claim the Court has an obligation to continue to revisit previously-rejected legal arguments. *See* ECF 32 at 5 ("To date, the Court has not revisited these procedural disputes … ."). Accordingly, the Court may separately deny the defense motion on the basis that it is an improperly filed motion for reconsideration.

## IV.     CONCLUSION

Defense counsel has failed to provide any legal authority supporting his novel and unprecedented request for this Court to issue an order condemning the Clerk's Office and the government's response to his own failure to comply with protections and mandates of the Child Victims' and Child Witness' Rights statute (specifically providing for privacy protection for child victims, 18 U.S.C. § 3509(d), and the Crime Victims' Rights Act (guaranteeing victims the right to be treated with respect for the victim's dignity and privacy, 18 U.S.C. § 3771(a)(8)).  Defense counsel has made inappropriate, unsupported, and plainly false accusations against the Clerk's Office and the government, while asking this Court to revisit an order by another Judge in this district.  Defense counsel's motion should be denied in its entirety, as detailed above, because: it is moot; the issue has already been decided by Judge Claire and this is an improper attempt to have another Judge reconsider that decision; and defense counsel has not cited any case, statute, or other legal authority supporting these accusations and requests.

Dated:  December 2, 2024

PHILLIP A. TALBERT
United States Attorney

By:  /s/ ALEXIS KLEIN and CHRISTINA McCALL
ALEXIS KLEIN
CHRISTINA McCALL
Assistant United States Attorneys