HEATHER E. WILLIAMS, #122664
Federal Defender
ANDREW FRANCISCO,
District of Columbia Bar No. 1619332
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Tel: 916-498-5700
Andrew_francisco@fd.org

Attorney for Defendant
DARAGH FINBAR HAYES

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:24-cr-00280-DJC |
| Plaintiff, | **REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO UNSEAL ECF NO. 16** |
| vs. | |
| DARAGH FINBAR HAYES, | |
| Defendant. | |

### I.     INTRODUCTION

The government's opposition to the defense motion to unseal ECF No. 16 mischaracterizes both the procedural history and the issues before the Court. Contrary to the government's assertions, this motion is not a request for reconsideration, is not moot, and falls squarely within the Court's inherent authority to grant the requested relief.

Rather than addressing the substantive issue of its overbroad interpretation of 18 U.S.C. § 3509(d), the government relies on diversionary procedural arguments that lack merit. By mischaracterizing the motion as a disguised request for reconsideration and asserting mootness based on a protective order that does not retroactively apply, the government seeks to avoid engaging with the statutory and legal principles at the heart of this dispute.

The defense seeks relief not to relitigate matters already decided but to correct procedural violations, ensure compliance with established law, and uphold the principles of transparency and judicial integrity. Unsealing ECF No. 16 to the extent it does not compromise the legitimate privacy interests of minors—which it does not—is consistent with the presumption of public access to judicial records. This Court has the clear authority to address these matters and should grant the requested relief.

**II.A. THE DEFENSE'S MOTION IS PROCEDURALLY PROPER**

The government inaccurately characterizes the defense's motion as a disguised request for reconsideration, asserting that Magistrate Judge Claire "already resolved" these issues. ECF No. 36 at 5. This claim rests on ECF No. 24, an order that expressly states it was issued as a temporary measure "pending hearing on the motion to compel discovery" and intended to "facilitate the consideration of the discovery motion on its merits without further delay, without potentially compromising the legitimate privacy interests of the alleged victim, and without unduly extending the denial of public access to the substance of the motion." ECF No. 24. Neither through written order nor at the November 15, 2024, hearing did Judge Claire address the Clerk's restriction of access to ECF No. 16 at the government's request or the substantive issues surrounding the scope of 18 U.S.C. § 3509(d). Although defense counsel had hoped the Court would address them based on the Court's representations in ECF No. 24, its beyond dispute that those issues were not before the Court until now, and there has been no resolution of any kind for any court to reconsider.

The record of the November 15 hearing confirms the limited scope of the Court's prior rulings and clarifies why the Court did not reach the issues presented here. At the hearing, Judge Claire characterized the defense's motion to compel as the defense seeking "to impose on the US preferred language for a protective order," with the government seeking to use "language they always use, and [the defense] want[ing] them to use the language . . . defense lawyers would

always prefer."[1] The Court denied the motion to compel without prejudice, finding that the defense had not "provided any authority saying the government has made a request that violates [Mr. Hayes'] rights in any way." The Court did not address the scope of § 3509(d) or the propriety of the Clerk's restriction of ECF No. 16, as those issues were not presented or argued. Thus, there is no ruling or even dicta to reconsider.

The government also fails to contest the factual basis of this motion. It does not deny that the Clerk unilaterally restricted access to ECF No. 16 at the government's informal request, nor does it dispute the procedural irregularities detailed in the defense's opening brief. Instead, the government relies on mischaracterizations of procedural history and overstates the statute's scope to divert attention from the substantive legal and procedural questions at issue. The Court should reject the government's reliance on the "motion for reconsideration" framework as a diversionary tactic.

### II.B. THE DEFENSE MOTION RAISES ONLY LIVE ISSUES

The government's argument that the protective order renders the defense's motion moot is unavailing and unsupported by the order's plain language. This motion seeks to unseal both the redacted relational terms in ECF No. 16 and the redacted gender pronouns, neither of which the protective order addresses. Protective orders are prospective unless expressly stated otherwise, yet even if the Court were to find that the protective order applies retroactively—a

---

[1] The defense respectfully disagrees with the Court's characterization of the motion to compel as a request to "impose on the US preferred language for a protective order." The motion sought to compel the government to comply with its constitutional and statutory obligations to provide discoverable items to which the defense was entitled. Prior to the hearing, no party had filed a proposed protective order, which may have led to confusion and contributed to the Court's perception that the defense sought to impose specific terms on the government. This was never the case. The defense has consistently maintained that the government is free to use its preferred terms in its filings, while reserving the defense's right to use neutral terminology in its own. If the government had persisted in disregarding its constitutional and statutory discovery obligations, a motion to reconsider may have been an appropriate course of action to resolve that dispute, as Judge Claire suggested. However, the defense now has copies of the materials that the government previously had refused to provide. Thus, the government's suggestion that a motion to reconsider the motion to compel is the proper vehicle for addressing these issues is misplaced, as such a motion would now be moot. Any remaining disputes regarding withheld discovery involve different items and will be presented to the Court through appropriate motions if necessary.

position unsupported by law—the motion remains live with respect to whether § 3509(d) extends to gender pronouns.

The assertion that protective orders are not generally applied retroactively unless expressly stated rests on well-settled principles of American jurisprudence. In *Landgraf v. USI Film Products*, 511 U.S. 244, 264 (1994), the Supreme Court discussed two guiding principles for interpreting statutes that do not specify their temporal reach. The first is the rule that "'a court is to apply the law in effect at the time it renders its decision.'" *Id.* (quoting *Bradley v. Sch. Bd. of Richmond*, 416 U.S. 696, 711 (1974)). The second is the axiom that "'[r]etroactivity is not favored in the law,' and its interpretive corollary that 'congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result.'" *Id.* (quoting *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988)). Reconciling these principles, the Court in *Landgraf* concluded that "the presumption against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic." *Id.* at 265–66.

Although *Landgraf* concerned legislative retroactivity, its reasoning extends to judicial orders, particularly when fairness and procedural notice are at stake. The Supreme Court has emphasized that due process limits retroactive judicial decision-making, as retroactive application of new legal standards can impair substantive rights or impose unforeseen obligations. *See Rogers v. Tennessee*, 532 U.S. 451, 461 (2001). Protective orders, like statutes, should not be applied retroactively absent explicit language indicating such intent. The protective order here contains no language suggesting retroactive application to preexisting filings like ECF No. 16. Instead, its provisions govern future discovery and public filings.

Paragraph 2 of the order specifies that "[t]his Order pertains to all discovery provided to or made available to defense counsel that contains the name of, or other personal identifying information, of an identified victim, minor, or other person besides the defendant ('protected discovery')." ECF No. 35. At the time the defense filed ECF No. 16, the government had not yet produced copies of the "protected discovery," as it was restricting those materials pending the

filing of a protective order in this case. Thus, the relational terms and gender pronouns in ECF No. 16 were not derived from protected discovery, making the protective order inapplicable to those filings. Similarly, Paragraph 12 governs how "an alleged victim or minor witness" may be referenced "[i]f it becomes necessary . . . during any non-trial public court proceeding or in a public court filing," explicitly contemplating future actions. The prospective language in these provisions confirms that the protective order applies to future filings and discovery—not preexisting filings such as ECF No. 16.

Additionally, the Court has not yet addressed the substance of the defense's arguments regarding § 3509(d), including whether its protections extend beyond identifying information to encompass relational terms or gender pronouns. Judge Claire's prophylactic order, as noted above, was procedural and reserved judgment on broader substantive issues. The subsequent text-only minute order, ECF No. 30, directed readers to the reasons stated on the record for denying the motion to compel without prejudice. The record, however, does not address the propriety of redacting gender pronouns or relational terms or any of the substantive questions that this motion raises.

Because the protective order does not retroactively cover the redactions at issue, and the Court has not yet resolved substantive questions regarding the scope of § 3509(d), the motion remains live and properly before the Court.

**II.C. THE COURT HAS AUTHORITY TO GRANT THE RELIEF REQUESTED**

The government's claim that the Court lacks authority to grant the relief requested is meritless and unsupported by statutory or procedural law. Courts possess inherent supervisory powers to correct their records and ensure procedural compliance. Federal Rule of Criminal Procedure 57(b) explicitly states that "[a] judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district." Local Rule 110 further recognizes the Court's inherent authority, stating that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the

Court." These provisions confirm the Court's authority to address procedural irregularities, including those arising from the Clerk's unilateral restriction of ECF No. 16.

Additionally, case law underscores the Court's broad discretion to correct docket errors and ensure the integrity of judicial proceedings. In *United States v. Morgan*, 307 U.S. 183, 197 (1939), the Supreme Court affirmed that "[i]t is a power 'inherent in every court of justice so long as it retains control of the subject-matter and of the parties, to correct that which has been wrongfully done by virtue of its process.'" *Id.* (quoting *Arkadelphia Milling Co. v. St. Louis Sw. Ry. Co.*, 249 U.S. 134, 146 (1919)). Similarly, in *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991), the Court emphasized that federal courts possess inherent powers "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)). These principles apply squarely here, where the Clerk acted without judicial authorization, prompting the need for correction.

The government's reliance on 18 U.S.C. § 3509(d) does not negate the Court's authority. As detailed in the defense's opening brief, § 3509(d) is limited in scope and designed to protect truly identifying information about minors. Numerous cases prosecuted under 18 U.S.C. § 2251, involving facts substantively similar to those alleged against Mr. Hayes, have resulted in precedential, published opinions that use relational terms and gender pronouns akin to those within ECF No. 16. These cases were deliberately chosen by the defense because they are as authoritative as case law can be, providing the Court with valuable guidance on the appropriate balance between public access to judicial records and the privacy interests that § 3509(d) protects. Published, precedential opinions reflect binding legal standards and conventions that lower courts are obligated to follow, and they provide benchmarks for word choice and conventions in discussing minor witnesses.

In footnote 1 of its opposition, the government attempts to distinguish the cases cited by the defense by highlighting their differing procedural postures, claiming they arose after public trials or contested sentencing hearings. *See* ECF No. 36 at 2 n.1. This argument is unavailing. Courts of appeals, including the Ninth Circuit, primarily review matters only after final

judgments, because appellate jurisdiction is generally limited to "final decisions" under 28 U.S.C. § 1291. This procedural reality does not diminish the relevance or precedential weight of the cited cases, which demonstrate how federal courts consistently balance transparency and privacy under § 3509(d). The government's argument effectively suggests that § 3509(d) becomes less protective as litigation progresses—a nonsensical and unsupported interpretation. There is no authority for this sliding-scale approach to § 3509(d), nor could there be, as it conflicts with the statute's plain language and purpose.

The government also fails to address contrary practices permitted under federal rules that further undermine its interpretation. For instance, Federal Rule of Criminal Procedure 49.1 explicitly allows the use of minors' initials, a practice that is unquestionably identifying but permissible within the statutory and procedural framework.[2] Relational terms and gender pronouns, by contrast, are inherently non-identifying and often necessary to provide narrative

---

[2] Contradictorily, the government seemingly condones this practice when citing to *United States v. Putillion*, No. 2:18-cr-00186, 2018 U.S. Dist. LEXIS 179259 (S.D. W. Va. Oct. 18, 2018). *See* ECF No. 36 at 4. In its parenthetical, the government highlights that the district court ordered the minor to be referred to by initials, asserting that this sufficiently protected the minor's identity. *Id.* Yet, the government inconsistently argues here that the defense's use of relational terms and gender pronouns—both less specific and less identifying than initials—fails to provide adequate protection. This contradiction undermines the government's position and demonstrates the lack of logical consistency in its interpretation of 18 U.S.C. § 3509(d).
    Moreover, the opinion in *Putillion* itself cuts deeply against the government's interpretation of § 3509(d). Notably, in the very same decision cited by the government, District Judge James Goodwin uses the gender pronoun "her" in describing the minor victim. *United States v. Putillion*, No. 2:18-CR-00186, 2018 WL 5087238, at *1 (S.D.W. Va. Oct. 18, 2018) ("He also allegedly rubbed her vagina through her clothing after arriving at their destination and attempted to persuade her to send nude images of herself on her cellphone after the fact."). Judge Goodwin also denied the government's motion to seal its motion for a protective order, which the government had sought pursuant to § 3509(d), and ordered the government to "provide a copy of the audio recorded interview with the minor victim as well as a copy of the forensic examination of the minor victim's cellphone . . . to the defendant's counsel . . . ." *Id.* at *3. This aspect of *Putillion* is particularly relevant here because the government has yet to produce the minor's forensic interview in this case, despite its critical importance to the defense.
    Additionally, in a subsequent opinion in the *Putillion* case, issued less than one month after the opinion the government cites, Judge Goodwin referred to the minor as the defendant's "13-year-old sister-in-law." *United States v. Putillion*, No. 2:18-CR-00186, 2018 WL 5784066, at *1 (S.D.W. Va. Nov. 5, 2018). This demonstrates that Judge Goodwin did not interpret § 3509(d) to preclude the use of relational terms or gender pronouns when referencing minors, even at the pretrial stage. Thus, *Putillion* not only refutes the government's interpretation of § 3509(d) but also undermines its argument that published, precedent-setting appellate cases are irrelevant due to their procedural posture. Like the present case, *Putillion* was at an early stage of litigation when these decisions were issued.

-7-

clarity. Additionally, while the published, precedential opinions cited by the defense are instructive and carry substantial weight, the reality is that within the Ninth Circuit alone there are likely hundreds, if not thousands, of unpublished memorandum opinions and orders that similarly use relational terms and gender pronouns to refer to minors in cases involving offenses against children. *See also United States v. Putillion*, No. 2:18-CR-00186, 2018 WL 5784066, at *1 (S.D.W. Va. Nov. 5, 2018) (defendant's "13-year-old sister-in-law"). The government fails to engage with this overwhelming body of practice because it does not support its overbroad interpretation of § 3509(d).

Legislative history further supports the defense's interpretation of § 3509(d). Then-Congressman Mike DeWine, a key proponent of the statute, emphasized its intent to safeguard "the release of a child witness's name and address." 136 Cong. Rec. H27,312 (daily ed. Oct. 3, 1990) (statement of Rep. DeWine).[3] The government has neither engaged with this legislative history nor explained how it supports the government's overbroad interpretation of § 3509(d). This omission underscores the defensibility of the defense's interpretation and highlights the misalignment between the government's position and the statute's intended purpose.

Finally, the government's opposition does not dispute the underlying facts of this motion, including its informal intervention with the Clerk or the resulting procedural irregularities. Instead, it focuses on mischaracterizing the defense's position and procedural history to obscure the substantive issues. The Court has both the authority and responsibility to address these matters to ensure transparency and fairness in the proceedings. *Cf. United States v. Putillion*, No. 2:18-CR-00186, 2018 WL 5087238, at *3 (S.D.W. Va. Oct. 18, 2018) ("I find that sealing these Filings does not outweigh the public's interest in an open and transparent court system or the defendant's right to a public trial, and it does not further the compelling government interest of safeguarding the physical and psychological well-being of a minor.").

---

[3] Defense counsel acknowledges the government's observation that *United States v. Harris* does not discuss the legislative history of 18 U.S.C. § 3509(d) and clarifies that *United States v. Broussard*, 767 F. Supp. 1536, 1542 (D. Or. 1991), is the district court case from which this material is quoted. This inadvertent citation error does not affect the substance of the defense's position that the legislative history supports a far narrower interpretation of § 3509(d) than the government asserts.

-8-

### III. CONCLUSION

For the reasons stated above, the defense respectfully requests that the Court grant the motion to unseal ECF No. 16, consistent with the presumption of public access to judicial records and without compromising legitimate privacy interests under 18 U.S.C. § 3509(d).

The defense also seeks clarification of the scope of § 3509(d) as it pertains to relational terms and gender pronouns, which the government improperly seeks to shield under an overbroad interpretation of the statute. Both the legislative history and the statute's plain language make clear that § 3509(d) is intended to protect only truly identifying information of minor witnesses, such as names, addresses, and other personal identifying information, and not non-identifying terms.

Further, the defense asks the Court to address the procedural improprieties raised in this motion, including the Clerk's restriction of ECF No. 16 without judicial authorization, prompted by the government's informal intervention. These actions violated Local Rule 140(e), disrupted the adversarial process, and created the impression that the Clerk possesses authority beyond its ministerial role. Correcting these procedural irregularities is well within the Court's inherent power to supervise its docket and ensure compliance with procedural rules.

December 5, 2024

HEATHER E. WILLIAMS
Federal Defender

/s/ANDREW FRANCISCO
ANDREW FRANCISCO
Assistant Federal Defender
Attorney for Defendant
DARAGH FINBAR HAYES