HEATHER E. WILLIAMS, #122664
Federal Defender
ANDREW FRANCISCO, District of Columbia Bar No. 1619332
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Tel: 916-498-5700
Andrew_francisco@fd.org

Attorney for Defendant
DARAGH FINBAR HAYES

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DARAGH FINBAR HAYES,<br><br>    Defendant. | Case No. 2:24-cr-00280-DJC<br><br>**NOTICE OF ERRATA: DOCKET 32: NOTICE OF MOTION; MOTION TO UNSEAL ECF NO. 16 AND DOCKET 37: REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO UNSEAL ECF NO. 16** |

Defendant, Daragh Finbar Hayes, by and through Heather E. Williams, Federal Defender, and Andrew Francisco, Assistant Federal Defender, respectfully submits this Notice of Errata regarding Docket Nos. 32 (Motion to Unseal ECF No. 16) and 37 (Reply to Government's Opposition to Motion to Unseal ECF No. 16). This Notice addresses the misstatements, erroneous citations, and unsupported quotations contained within these filings, and any oral arguments based on them, and seeks to clarify the record to ensure accuracy and integrity in these proceedings. Counsel acknowledge these errors include: (1) citation to a nonexistent case, *United States v. Harris*; (2) quotations and arguments misattributed to *United States v. Harris* and non-existent quotations then to *United States v. Broussard*, 767 F. Supp. 1536 (D. Or. 1991) once we corrected the case we relied upon; and (3) inaccurate statements regarding the

legislative history of 18 U.S.C. § 3509(d). Further, if the Court or parties prefer defense counsel file complete corrected pleadings for Dockets 32 and 37, we are of course willing to do this.

Counsel apologize to the Court, specifically the Honorable Chi Soo Kim, Magistrate Judge, the U.S. Attorney Phillip A. Talbert, Assistant U.S. Attorneys Alexis Klein and Christina McCall, and to their client, Mr. Hayes, for the misstatements, erroneous and non-existent citations and quotations, and any oral arguments based on them, and deeply regret the challenges and frustrations they created in pleadings, arguments, and findings.

## I. BACKGROUND

In preparing the Motion to Unseal ECF No. 16, filed on November 21, 2024 (Docket No. 32), counsel relied on *United States v. Broussard*, 767 F. Supp. 1536 (D. Or. 1991), for references to the legislative history of 18 U.S.C. § 3509(d). However, in place of *Broussard* counsel inadvertently included a citation to a nonexistent case, *United States v. Harris*, and attributed misquoted language to that case which also did not exist in *Broussard*, once we corrected the relied-upon case.

On December 2, 2024, the government filed its Opposition to the Motion to Unseal (Docket No. 36). The Opposition emphasized that *Harris* did not exist and noted that the government could not locate the quoted language. ECF No. 36 at 4–5. In response, on December 5, 2024, counsel filed their Reply (Docket No. 37) directing the Court to *Broussard*, the intended citation. ECF No. 37 at 8 n.3. However, the Reply did not formally acknowledge or correct the errors (citation and quotes) contained in the initial filing.

Counsel now are formally correcting their errors.

## II. ERRORS AND CORRECTIONS

**A.     Erroneous Citation to *United States v. Harris***

The citation to *United States v. Harris*, 761 F. Supp. 409, 414 (D.D.C. 1991), on pages 6 and 10 in Docket No. 32 is incorrect. The intended citation is *United States v. Broussard*, 767 F. Supp. 1536, 1542 (D. Or. 1991).

### B.   Misattributed Legislative History Quotations

In addition to the erroneous citation, the quotation attributed to *Harris* on page 6, line 24, in Docket No. 32 discussing 18 U.S.C. § 3509's legislative history, specifically the reference to "names and addresses," is inaccurately pluralized. Counsel provides the following correction to Docket 32, Page 6, Lines 22–28:

> Legislative history supports this narrower interpretation. In *United States v. Broussard*, the court observed that the statute was designed to prevent the disclosure of specific identifying details, such as "name[s] and address[es]," rather than general descriptors. 767 F. Supp. 1536, 1542 (D. Or. 1991) (citing Congressman DeWine's remarks during the statute's enactment, in turn citing H.R. 8754, October 3, 1990, and Congressional and Administrative News, 101st Cong. 2nd Sess., P.L. 101–647). *Broussard* reflects Congress's intent to protect minors from public exposure while preserving a defendant's discovery rights to investigate his charges. Such congressional intent can be extended to and balanced with transparency and fairness in judicial proceedings.

The quotation attributed to *Harris* on page 10, lines 16–18, in Docket No. 32, specifically, "[t]he legislative history indicates that Congress intended to shield the names and addresses of child victims and witnesses from public disclosure," does not exist in *Broussard*.

Counsel provides the following correction to Docket 32, Page 10, Lines 11–23:

> The legislative history of § 3509(d) supports this interpretation. In *United States v. Broussard*, the court examined the statute's background, citing Congressman DeWine's remarks that emphasized preventing the disclosure of names and addresses of child victims or witnesses. 767 F. Supp. at 1542. This focus indicates that Congress aimed to shield specific identifying information, not to impose broad restrictions on all descriptive terms. *Id.* ("The legislative history, although scant, is helpful. In describing the confidentiality provision, Congressman DeWine explained that the '[b]ill makes it easier for a child to testify in court . . . it forbids the release of the witness's name and address.' H.R. 8754, October 3, 1990. *See also* Congressional and Administrative News, 101st Cong. 2nd Sess., P.L. 101–647 . . . .").

The district court's analysis in *Broussard* is consistent with the common practice of using initials in court filings involving minors. Federal Rule of Criminal Procedure 49.1(a)(3) permits the use of a minor's initials in court documents to protect their identity. Similarly, the Local Rules for the Eastern District of California endorse this practice. *See* E.D. Cal. Local R. 140(a).[1]

### C.  Amendment to Docket 37

The government correctly observed in its Opposition that the defense's citation to *United States v. Harris* does not exist. Counsel amend Docket 37: Reply to Government's Opposition to Motion to Unseal ECF No. 16, to be inserted at page 1, INTRODUCTION, before line 18:

> The government's observation that *United States v. Harris* does not exist is absolutely correct.
>
> First, the case citations to *United States v. Harris*, 761 F. Supp. 409 (D.D.C. 1991), should reflect *United States v. Broussard*, 767 F.Supp. 1536 (D. Or. 1991) and the references to *Harris* and material quoted therefrom in our initial Motion (Docket 32) must be corrected as follows:
>
>> **Page 6, lines 22-28**:
>>
>> Legislative history supports this narrower interpretation. In *United States v. Broussard*, the court observed that the statute was designed to prevent the disclosure of specific identifying details, such as "name[s] and address[es]," rather than general descriptors. 767 F.Supp. 1536, 1542 (D.Or. 1991) (citing Congressman DeWine's remarks during the statute's enactment, in turn citing H.R. 8754, October 3, 1990, in turn citing also Congressional and Administrative News, 101st Cong. 2nd Sess., P.L. 101–647). *Broussard* says this reflects Congress's intent to protect minors from public exposure while preserving a defendant's discovery rights and to investigate his charges.  Such congressional intent can be extended to and balanced with transparency and fairness in judicial proceedings.
>>
>> **Page 10, lines 11-23:**
>>
>> The legislative history of § 3509(d) supports this interpretation. In *United States v. Broussard*, the court examined the statute's background, citing Congressman DeWine's remarks that emphasized preventing the disclosure of names and addresses of

---

[1] The footnote cited remains the same and is our Local Rule 140(a).

child victims or witnesses. 767 F.Supp. at 1542. This focus indicates that Congress aimed to shield specific identifying information, not to impose broad restrictions on all descriptive terms. *Id.* ("The legislative history, although scant is helpful. In describing the confidentiality provision, Congressman DeWine explained that the '[b]ill makes it easier for a child to testify in court . . . it forbids the release of the witness's name and address.' H.R. 8754, October 3, 1990. *See also* Congressional and Administrative News, 101st Cong. 2nd Sess., P.L. 101–647 . . . .").

The district court's analysis in *Broussard* is consistent with the common practice of using initials in court filings involving minors. Federal Rule of Criminal Procedure 49.1(a)(3) permits the use of a minor's initials in court documents to protect their identity. Similarly, the Local Rules for the Eastern District of California endorse this practice. *See* E.D. Cal. Local R. 140(a).[2]

Further, defense counsel should have offered in Docket 37's Reply to extend time to the government to be able to respond to the corrected citations and quotations and moved to continue the hearing for argument to accommodate any further government response.

### III. REMEDIAL MEASURES

Counsel recognize the seriousness of these errors and have implemented the following steps to prevent recurrence. Specifically, counsel commit to: (1) cross-referencing all cited material with original sources to ensure accuracy, including using citation management tools for verification; (2) submitting all substantive filings for a second review by a colleague or supervisor to verify the accuracy of citations, quotations, and arguments before submission; (3) participating in ongoing training focused on citation practices to ensure adherence to professional standards; and (4) adjusting internal timelines to allow for more thorough proofreading and fact-checking. Counsel submits that these measures will prevent errors such as those occurring here and will ensure the accuracy and reliability of future filings.

---

[2] The footnote cited remains the same and is our Local Rule 140(a).

## IV. CONCLUSION

Counsel sincerely apologize for these errors and the inconvenience they caused the Court, opposing counsel, and Mr. Hayes.

Further, counsel:

1. offer this *Notice of Errata* correcting Dockets 32: *Notice of Motion; Motion to Unseal ECF No. 16* and 37: *Reply to Government's Opposition to Motion to Unseal ECF No. 16* to correct the misstatements and erroneous and non-existent citations and quotes and any oral arguments based on them; and

2. if the Court or parties prefer defense counsel file complete corrected pleadings for Dockets 32 and 37, such filings will happen immediately.

Last, this Notice reflects counsel's commitment to transparency, professionalism, and the accurate presentation of law and fact in all filings.

RESPECTFULLY SUBMITTED.

December 15, 2024

                        HEATHER E. WILLIAMS
                        Federal Defender

                        *s/ Heather E. Williams*
                        HEATHER E. WILLIAMS
                        Federal Defender

                        /s/*ANDREW FRANCISCO*
                        ANDREW FRANCISCO
                        Assistant Federal Defender
                        Attorney for Defendant
                        DARAGH FINBAR HAYES