UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DARAGH FINBAR HAYES,<br><br>　　　　Defendant. | Case No. 2:24-cr-0280-DJC<br><br>**ORDER TO SHOW CAUSE WHY SANCTIONS OR OTHER APPROPRIATE DISCIPLINARY ACTION SHOULD NOT ISSUE**<br><br>(ECF Nos. 32, 37, 41) |

Pursuant to the United States District Court for the Eastern District of California Local Rules 110, 180(e), and 184(a), the Court issues this Order to Show Cause Why Sanctions or Other Appropriate Disciplinary Action Should Not Issue Against Assistant Federal Defender Andrew Francisco, counsel for Defendant Daragh Finbar Hayes.

On November 21, 2024, Mr. Francisco filed a written motion to unseal ECF No. 16, in which he stated the following:

> In *United States v. Harris*, the court observed that the statute was designed to prevent the disclosure of specific identifying details, such as "names and addresses," rather than general descriptors. 761 F. Supp. 409, 414 (D.D.C. 1991) (citing Congressman DeWine's remarks during the statute's enactment). …
>
> The legislative history of § 3509(d) supports this interpretation. In *United States v. Harris*, the court examined the statute's background,

1

> citing Congressman DeWine's remarks that emphasized preventing the disclosure of names and addresses of child victims or witnesses. 761 F. Supp. At 414. This focus indicates that Congress aimed to shield specific identifying information, not to impose broad restrictions on all descriptive terms. *Id.* ("The legislative history indicates that Congress intended to shield the names and addresses of child victims and witnesses from public disclosure.").
>
> The district court's analysis in *Harris* is consistent with the common practice of using initials in court filings involving minors. Federal Rule of Criminal Procedure 49.1(a)(3) permits the use of a minor's initials in court documents to protect their identity.

Def. Mot. Unseal at 6, 10 (ECF No. 32).

On December 2, 2024, the government filed a written opposition to Defendant's motion to unseal, raising the following argument:

> Defense counsel repeatedly cites, and purportedly quotes, "*United States v. Harris*" at "761 F. Supp. 409 [] (D.D.C. 1991)" in support of his assertion that ECF 16 should not be restricted. ECF 32 at pg. 6, 10. The case at 761 F.Supp.409 does not stand for the proposition that defense counsel claims. In fact, that case is *Harris v. Murray*, a 1990 decision out of the Eastern District of Virginia which affirms the granting of a motion for summary judgment on an inmate's Section 1983 lawsuit. This cited case does not contain any of the information claimed in defense counsel's brief. The government attempted to locate the *Harris* case defense cites in its brief but was unable to find anything. For example, when the government searched the quote included on page 10 of the defense motion, allegedly from the *Harris* case, it returned 0 results on Westlaw and on Lexis.

U.S. Opp. at 4-5 (ECF No. 36).

On December 5, 2024, Mr. Francisco filed a written reply to the government's opposition, responding to the argument regarding *United States v. Harris* as follows:

> Defense counsel acknowledges the government's observation that *United States v. Harris* does not discuss the legislative history of 18 U.S.C. § 3509(d) and clarifies that *United States v. Broussard*, 767 F. Supp. 1536, 1542 (D. Or. 1991), is the district court case from which this material is quoted. This inadvertent citation error does not affect the substance of the defense's position that the legislative history supports a far narrower interpretation of § 3509(d) than the government asserts.

Def. Reply at 8 n.3 (ECF No. 37).

On December 9, 2024, this Court held a hearing on Defendant's motion to unseal

2

with Mr. Francisco appearing for Defendant and Assistant United States Attorney Christina McCall appearing for the government. (ECF No. 41.) At that hearing, the Court asked Mr. Francisco to explain his citation and quotation of "*United States v. Harris*, 761 F. Supp. 409, 414 (D.D.C. 1991)" in his motion to unseal and in Mr. Francisco's reply responding to the government's argument regarding "*United States v. Harris*, 761 F. Supp. 409, 414 (D.D.C. 1991)." The following exchange occurred at the December 9 hearing in open court:[1]

> **THE COURT**: Good afternoon. The Court has carefully reviewed the briefing that's been submitted. We're here for Defendant's motion to unseal, which is at ECF Number 32.
>
> I have specific issues and questions I want to address. The first issue that I want to address is that in the Government's opposition, the Government points out that a case that the Defense cited at least twice in its motion to unseal at page 6 and 10, *United States v. Harris*, 761 F. Supp. 409, 414 (District of D.C. 1991), that that case does not exist. The Defense response to this in Footnote 3 of its reply was "Defense counsel acknowledges the Government's observation that *United States v. Harris* does not discuss the legislative history of 18 United States Code, Section 3509(d), and clarifies that *United States v. Broussard*, 767 F. Supp. 1536 at 1542 (District of Oregon 1991), is the district court case from which this material is quoted. This inadvertent citation error does not affect the substance of the Defense's position that the legislative history supports a far narrower interpretation of Section 3509(d) than the Government asserts."
>
> So here's the question I have. In the Defense motion on page 10, the case that's cited, *United States v. Harris*, it's cited for this sentence -- and this is on page 10 of the motion: "The legislative history indicates that Congress intended to shield the names and addresses of child victims and witnesses from public disclosure."
>
> And then in the Defense reply, it states that the correct case from which this material is quoted is the *Broussard* case. Where is this quoted language in the *Broussard* case?
>
> **MR. FRANCISCO**: Your Honor, I believe that material is on page 1542.

---

[1] Based on the Court's denial of Defendant's motion to unseal (ECF Nos. 32, 41), the Court sealed portions of the audio recording and transcript from the December 9, 2024 hearing. The sealed portions are not at issue here, and are not referenced in this order.

3

**THE COURT**: Okay. I'm going to hand you a copy of that case because I've actually read it, and I don't see it anywhere on that case. So I'm going to give you a moment to take a look and see if there's something I'm missing. I'm going to ask the Government if you need a copy of *Broussard* as well?

**MS. McCALL**: Thank you, Your Honor.

**(Counsel reviewing case.)**

**MR. FRANCISCO**: My apologies, Your Honor. There are two *Broussard* opinions that were filed in short succession in 1991 that were dealing with the recently-passed Section 3509 – what now has become Section 3509. I'm not seeing this particular quote in the copy that the Court has presented.

**THE COURT**: So the copy that I presented is the one that's cited in the reply brief at 767 F. Supp. 1536, 1542 (District of Oregon 1991). The Court also read the second *Broussard* case. That sentence that is quoted in the Defense brief is not in either case.

I also did a similar search that the Government referenced in its opposition, which is I searched for that quotation and did not find it anywhere in any case, not just the *Broussard* case that the Defense cites or in the second *Broussard* case that the Defense did not cite but that the Court found.

*Broussard* has a very different sentence in it, and that is, "The legislative history indicates that Congress was concerned about the increase in child abuse cases nationwide, and in particular, statistics revealing a high incidence of child abuse on Indian reservations." This is at 767 F. Supp. 1536 -- I'm sorry -- at page 1539.

So here's my question. I want to try to understand how the Defendant's response in Footnote 3 of its reply, how it's an inadvertent citation error. It appears to the Court to be a hallucinated or a fictitious case. The case name is not correct. It's not *United States v. Harris*. The case citation is not correct. The district court identified is not correct. It's not the District of D.C. And the year is not correct. So I want to try to understand how it's an inadvertent citation and how the Defense states that that quoted language comes from *Broussard*.

**MR. FRANCISCO**: Certainly -- certainly, Your Honor, and my apologies for the confusion. I think at the outset, Your Honor, *Broussard* and the inadvertent citation to *Harris* were for district court cases. They were proposed in this motion to highlight the -- the persuasive value of the legislative history. And I -- I sincerely apologize for the lack of attention to

4

those citations. However, I'd submit that the substance absolutely supports the Defense position. And the reference to *Broussard* was merely for a shorthand reference to the legislative history.

**THE COURT**: So *Broussard* does talk about the legislative history at that section and states, "What little legislative history exists indicates that the sole purpose of this statute was to provide the district courts with tools to make a child's experience with the criminal justice system less traumatic and to limit the child's exposure to the public."

There's also a reference later saying, "The legislative history, although scant, is helpful in describing the confidentiality provision. Congressman DeWine explained that the bill makes it easier for a child to testify in court. It forbids the release of the witness's name and address." It doesn't appear that *Broussard* actually supports the Defense argument, but the Court is also concerned that it appears that the actual citation in the Defense filing appears to be a fictitious case.

But you're saying there is actually a *United States v. Harris* case?

**MR. FRANCISCO**: Well, there is a *United States v. Harris* case, Your Honor. The *Harris* case, I -- the Defense agrees with the Government that the *Harris* case does not support the position regarding legislative history.

**THE COURT**: Are you talking about the *Harris* case that the Government identified, which is a civil case -- *Harris v. Murray* at 761 F. Supp. 409 (Eastern District of Virginia 1990)?

**MR. FRANCISCO**: No, Your Honor. There are – there are many *United States v. Harris*'s cases. I myself recently had one. And –

**THE COURT**: I'm sorry. So, Mr. Francisco, are you saying there's a different *United States v. Harris* case that deals with this specific statutory provision? So you probably are getting that the Court is concerned that there was a citation to a hallucination, like a case that's not actually real. It has the markings of a real case because it has a case name and an F. Supp. and a district court, but all of those are inaccurate here.

**MR. FRANCISCO**: But, Your Honor, the substance is accurate and the substance was what I had directed the Court's attention to in my initial filing. And I do apologize for the citation error, Your Honor, the misquote. The -- that material never should have been quoted, I will concede. I would -- I would also add that that material does not require a quotation. There's nothing authoritative that the quote lends to the Court's

5

consideration. Again, Your Honor, it is a direction to review the legislative history which is what I had hoped the Government and the Court would consider in this case, specifically Congressman DeWine's remarks.

**THE COURT**: Okay. Let me turn to the Government to see if they have any response.

**MS. McCALL**: Your Honor, we share the Court's concern about citing and quoting in multiple places in the brief something that doesn't exist. And even the *Broussard* case doesn't stand for the proposition that the Defense is arguing.

So with that, we'd submit. I mean, of course "Harris" is a common last name, but inventing a case, inventing a citation, and inventing a quote is I think more than inadvertence.

**THE COURT**: So -- but -- the Court agrees. I don't -- I don't understand how this could happen. It's – inadvertent citation errors are things like the wrong page is cited or something like that. Here, every part of the citation is incorrect. And then the case that's identified as being the correct case in the Defense reply in Footnote 3, that is also not correct, and the quoted language doesn't appear in there and *Broussard* doesn't actually -- I read the whole case. I saw the second case as well. It doesn't stand for the propositions that the Defense argues and the quoted language is different, so that is very concerning to the Court.

It's even more concerning because the issue was raised in the opposition which specifically stated the case is not correct. The quoted language is not there. The quoted language -- I searched for it -- is not found in any case. And the Defense's response to that does not appear to be accurate and it appears to be misleading and that is very concerning to the Court.

So let me turn now –

**MR. FRANCISCO**: If I may briefly, Your Honor, --

**THE COURT**: Yes, briefly.

**MR. FRANCISCO**: -- for the record? In drafting my reply to the Government's opposition, counsel for the Defense'[s] intention was to redirect the discussion to the legislative history. In the main body of the text, counsel for the Defense provided the citation with the legislative history which I submit, Your Honor, is in accord with the original filing, the opening brief in this case, ECF 37 at page 8, the second paragraph, where the Defense states that "The legislative history further supports the Defense's interpretation of 3509(d)," which is that the Defense interpretation is far narrower than the Government's. And

specifically it was the portion from *Broussard* discussing names and addresses as quoted on the House floor by the member from Ohio, Congressman DeWine.

The Defense counsel sincerely apologizes for the confusion and the poor attempt at remedying the issue, Your Honor.

**THE COURT**: So I understand the Defense argument, but are you acknowledging and agreeing that the case cited in your opening brief on pages 6 and 10, that that is not a real case and that the language quoted is not actually in *Broussard*?

**MR. FRANCISCO**: Your Honor, I concede that the citation in the Defense's opening brief does not contain reference to 3509(d) or legislative history.

**THE COURT**: Okay.

**MR. FRANCISCO**: That was -- that was cited in error, Your Honor.

**THE COURT**: Okay. And do you also concede that it is not a real case -- what you cited?

**MR. FRANCISCO**: Your Honor, I can't speak to that. I can speak to that it was cited in error.

12/9/2024 Hearing on Defendant's Motion to Unseal, Transcript at 2:14 - 9:17.

Local Rule 110 states: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

Local Rule 180(e) states: "Standards of Professional Conduct. Every member of the Bar of this Court, and any attorney permitted to practice in this Court under (b), shall become familiar with and comply with the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and court decisions applicable thereto, which are hereby adopted as standards of professional conduct in this Court. In the absence of an applicable standard therein, the Model Rules of Professional Conduct of the American Bar Association may be considered guidance. No attorney admitted to

practice before this Court shall engage in any conduct that degrades or impugns the integrity of the Court or in any manner interferes with the administration of justice.

Local Rule 184(a) states: "Discipline. In the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney. In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice."

The Court orders Mr. Francisco to respond to this Order to Show Cause by close of business on December 18, 2024. A failure to respond will be deemed to be a non-opposition to the issuance of sanctions or other appropriate disciplinary action against Mr. Francisco.

Dated:  December 16, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE