HEATHER E. WILLIAMS, #122664
Federal Defender
ANDREW FRANCISCO, DC SBN #1619332
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Tel: 916-498-5700
Andrew_francisco@fd.org

Attorney for Defendant
DARAGH FINBAR HAYES

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  2:24-cr-00280-DJC |
| Plaintiff, | **RESPONSE TO ORDER TO SHOW CAUSE WITH COUNSEL'S DECLARATION TO THE MATTERS DESCRIBED HERE** |
| vs. | |
| DARAGH FINBAR HAYES, | |
| Defendant. | |

I, Andrew Francisco, Assistant Federal Defender and assigned counsel for Daragh Hayes, do respond here to the Court's Order to Show Cause (ECF No. 50) and declare under penalty of perjury the matters here described:

**I. Introduction**

I submit this Response to the Court's Order to Show Cause (ECF No. 50) regarding the citation to *United States v. Harris* and the nonexistent quotation in my Motion to Unseal ECF No. 16 (ECF No. 32), clarified only in part by my Reply (ECF No. 37). I acknowledge the following errors, take full responsibility for them, and provide the following explanations as best I can, with supporting evidence, to address the Court's concerns.

My errors, misstatements and misquotes are these:

1. There is no case *United States v. Harris*, 761 F. Supp. 409, 414 (D.D.C. 1991).

2. There is a case *Harris v. Murray* sharing the citation 761 F.Supp. 409 but

a.  It is from the Eastern District of Virginia in 1990 and

b.  Has nothing to do with 18 U.S.C. § 3509 or the issues raised in my

Motion, Docket 32.

3.  The case I meant to cite, and in my head had cited, was *United States v. Broussard*, 767 F. Supp. 1536, 1542 (D. Or. 1991) as it does address 18 U.S.C. § 3509(d).

4.  However, nowhere in *Broussard* (nor in its case-related opinion at 767 F. Supp. 1545 not addressing the matters raised in the *Hayes* pleadings) do the quotes I cited exist in *Broussard*, specifically:

a.  At page 6, "names and addresses" is nowhere in *Broussard*, and

b.  At page 10, "The legislative history indicates that Congress intended to shield the names and addresses of child victims and witnesses from public disclosure" is nowhere in *Broussard*.

**II.  How Did This Happen**

**A.   Filing the Motion to Unseal, ECF 32**

The initial Motion to Unseal, ECF 32, was filed by my assistant paralegal at 9:01 a.m. *See attached Exhibit A: Notice of Electronic Filing (NEF) for ECF 32.*  Because I had a status conference in Mr. Hayes' case scheduled for 9:00 a.m. that day, my goal was to file the Motion to Unseal beforehand so I could reference it during the hearing so the district judge would know generally the issues I was hoping to resolve. Once I drafted the Motion, I gave it to my assistant paralegal for final proofreading. I did not ask for any cite check review. That being said, the above-stated errors and my failure to seek third-person review were entirely my fault.

The Motion formally requested the Court unseal ECF No. 16. It focused on § 3509(d)'s scope and our position that the government's overbroad interpretation of § 3509(d) was prejudicing Mr. Hayes' ability to prepare his defense. Because I believed the motion was both important and time-sensitive given the government's reliance on this statute to restrict discovery access, I tried to have it filed before the Status Conference.  However, unlike case citations

-2-

which are second nature to me, accurately citing the Congressional Record would have required my additional research to ensure precision. Given my self-imposed time constraint of filing before the forthcoming 9:00 a.m. status conference, I hastily drafted a paragraph incorrectly introducing the legislative history through a case citation.

My citation to *Harris was* inadvertent and I have wracked my memory to try to recall where I looked to come up with it, to no avail. I did not use and have never used AI (artificial intelligence) to draft any of my motions. I am baffled to say where it came from, first in a case name which does not exist, second from a district and year which does not match the citation volume and page, and third, which never even addresses the Motion's issues. It was an inadvertent drafting error I cannot begin to explain.

I intended to rely on *United States v. Broussard*, 767 F. Supp. 1536 (D. Or. 1991), a district court opinion briefly discussing 18 U.S.C. § 3509(d)'s legislative history. Attached Exhibit B is my Westlaw search history (backwards chronologically) from October 25, 2024, through December 5, 2024. I repeatedly went to *Broussard* (10/26/24, 11/13/24, 11/14/24, 12/3/24, 12/4/24) as it was one of the only cases talking about the legislative history, though none was on point for the issues and arguments I hoped to address.

My only search for *Harris* and the 761 F. Supp. case citation was December 3, 2024, when I reviewed the government's response pointing out my error, and I truly cannot recall where I encountered the information that resulted in this citation.

Once I realized my obvious citation error, I addressed the correction in ECF 35, footnote 3. In doing so, I never revisited my initial Motion to compare the quotes I entered with any language in *Broussard* and deeply regret not doing so. Had I, I would have corrected those also.

For oral argument, I came prepared with copies of § 3509(d)'s legislative history, specifically the page from the Congressional Record *Broussard* references. Notably, I did not bring copies of *Broussard*, as my intent was to incorporate the legislative history substantively into my argument. I recognize now I should have reviewed and brought *Broussard*, and I should have been prepared to answer this Court's questions about the "legislative history" quotation and

*United States v. Hayes,*
                                                                                24-cr-00280-DJC

immediately acknowledged its absence rather than fumbling and sticking with my original argument goals.

I also realize now that the Notice of Errata filed December 15, 2024, should have been filed the moment I realized my mistakes after reading the government's Opposition to my Motion. Filing that Notice likely would have compelled me to review the quotations erroneously attributed to *Harris* and fix them before the December 9, 2024, hearing. It also would have allowed the government an opportunity to respond to the correct case and evaluate that court's observations.

On December 15, 2024, I filed a Notice of Errata (ECF No. 47) to formally correct the record. In that filing, I acknowledged the same errors stated here, issued apologies to the Court, opposing counsel, and my client, and outlined the remedial measures I have implemented to ensure accuracy in all future submissions. Lastly, I respect the Court's finding at the December 9, 2024, hearing that the Court sufficiently addressed the Motion's issues in its Order dated October 30, 2024 (ECF No. 24.).

**B. Human Error, Inattention to Detail, Haste, and Superficial Review Once the Government Noted the Error.**

My errors and misstatements are consistent with my inadvertent human oversight, not bad faith or intentional fabrication. I did ask the Court to infer from *Broussard* more weight than its language offered. The quotation on page 10 of my Motion reflects my own conclusion upon review of the legislative history, not that of the district judge. Exhibit B also shows my Westlaw searches for legislative history materials related to § 3509(d)—including terms such as "Crime Control Act of 1990," "October 3, 1990," and "DeWine." My belief that our analysis of that history broadly supported our position resulted in a proposition that not only went beyond the *Broussard* court's language but appeared more directly supportive by virtue of being presented as a quotation. This was not precise, and my failure to double check *Broussard* for my Reply (ECF No. 35) compounded the error.

**C. Corrective Actions Made in Good Faith**

-4-

Once the government noted my incorrect cite and nonexistent case, I addressed it in my Reply (ECF No. 35) footnote 3, but I should have started my Reply with the content from my Notice of Errata (ECF No. 47), the drafting of which hopefully would have forced me to double check the erroneously quoted materials.

At the December 9, 2024, hearing on the Motion to Unseal, the Court questioned me regarding the citation to *Harris*. I was aware at that time that *Harris* was an incorrect citation and did not support my argument. However, so focused on emphasizing my analysis of the legislative history, I had not realized the quotation attributed to *Broussard* was also non-existent—a realization I confirmed only after the hearing.

What I had believed to be a minor drafting error by citing *Harris*, that I incorrectly felt I had sufficiently addressed in my Reply by including the correct citation to the Congressional Record, was not this Court's focus. I was not prepared for an in-depth discussion of the drafting error itself and, in hindsight and benefiting from my *Notice of Errata*, I now recognize this was a missed opportunity to express to the Court my acknowledgement of how my mistakes and misstatements disrespected this Court and the government and undermined my client representation. I regret this deeply.

Rightfully concerning, I am grateful and sincerely believe my errors did not prejudice the Court, opposing counsel, or the fairness of these proceedings.

Finally, with my Office's assistance, I have implemented specific measures to prevent similar errors in the future, including enhanced proofreading protocols, citation verification using reliable legal databases, and improved time management to allow for thorough final reviews, including by others, before filing. These steps, and my willingness to adopt any others that may aid in preventing similar errors, reflect my ongoing commitment to ensuring the accuracy of all future filings.

### III. Conclusion

I deeply regret my citation and quotation errors and the resulting confusion they have caused. I likewise regret the time this matter has taken from the Court's attention and resources. I

1    take full responsibility for the oversights and recognize the gravity of my mistakes.

2         I understand why this Court is concerned. My errors were unintentional, and I had no bad

3    faith, nor did I intend to mislead the Court; however, the Court's concern is warranted. To

4    address this concern, I intend to follow the remedial measures put in place by my Office, as

5    outlined here and in my *Notice of Errata*, to ensure all my future filings are accurate, including

6    enhanced proofreading protocols, systematic citation verification and third-person reviews.

7         I respectfully request that the Court accept my explanations, poor and confounding as

8    they may be, and recognize the isolated and inadvertent nature of my errors. I remain committed

9    to upholding the highest standards of professionalism, accuracy, and candor in all future

10   proceedings before this Court, while continuing to represent my client zealously and ethically,

11   consistent with my obligations to the Court, the expectations of the Professional Conduct Rules,

12   and my role as defense counsel.

13    Dated: December 18, 2024

                                        HEATHER E. WILLIAMS
14                                      Federal Defender

15
                                        /s/*ANDREW FRANCISCO*
16                                      ANDREW FRANCISCO
                                        Assistant Federal Defender
17                                      Attorney for Defendant
                                        DARAGH FINBAR HAYES
18

19

20

21

22

23

24

25

26

27

28

Response to Order to Show Cause                                    *United States v. Hayes,*
                                                                   24-cr-00280-DJC