HEATHER E. WILLIAMS, SBN #122664
Federal Defender
ANDREW FRANCISCO, DC Bar No. 1619332
Assistant Federal Defender
Designated Counsel for Service
801 I Street, 3rd Floor
Sacramento, CA 95814
T: (916) 498-5700
F: (916) 498-5710
andrew_francisco@fd.org

Attorneys for Defendant
DARAGH FINBAR HAYES

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:24-cr-00280-DJC |
| Plaintiff, | STIPULATION AND ORDER TO VACATE TRIAL DATE AND ASSOCIATED DEADLINES, AND SET A STATUS CONFERENCE |
| vs. | |
| DARAGH FINBAR HAYES | Date: January 9, 2025 |
| | Time: 9:00 a.m. |
| Defendant. | Judge: Hon. Daniel J. Calabretta |

   IT IS HEREBY STIPULATED by and between Phillip A. Talbert, United States Attorney, through Christina McCall and Alexis Klein, Assistant United States Attorneys, attorneys for Plaintiff, Heather Williams, Federal Defender, through Assistant Federal Defender Andrew Francisco, attorneys for Daragh Hayes, that the trial confirmation hearing scheduled for January 9, 2025, at 9:00 a.m., and the jury trial set for February 10, 2025 at 9:00 a.m., and all associated deadlines, be vacated and a status conference be set for January 23, 2025 at 9:00 a.m.

   Mr. Hayes was originally indicted on October 10, 2024 (ECF No. 9), on a single count of violating 18 U.S.C. § 2251(a) and (e). At the status conference on December 19, 2024, the Court scheduled a trial confirmation hearing for January 9, 2025, and a jury trial for February 10, 2025, with associated deadlines for motions under Federal Rule of Criminal Procedure 12, expert disclosures under Rule 16, and final discovery disclosures. Later on December 19, 2024, the government filed a superseding indictment that reflects six counts: two counts of attempted

sexual exploitation of a minor under 18 U.S.C. § 2251(a) and (e), three counts of sexual exploitation of a minor under the same statute, and one count of distribution of a visual depiction of a minor engaging in sexually explicit conduct under 18 U.S.C. § 2252(a)(2).

On December 23, 2024, Mr. Hayes was arraigned on the superseding indictment. At the arraignment, the defense moved to vacate the trial date and associated deadlines, citing the superseding indictment and the need for additional time to prepare for trial or pursue a potential plea agreement, and to exclude the period from December 23, 2024, through January 23, 2025, from the Speedy Trial Act's 70-day time limit under 18 U.S.C. § 3161(h)(7)(A), based on the interests of justice. The government did not oppose the request to vacate the trial date and associated deadlines and joined the request to schedule a status conference for January 23, 2025. The Court acknowledged the parties' representations but expressed reluctance to alter the district court's calendar, instead suggesting that the parties submit a stipulation for the district court's consideration.

The filing of the superseding indictment fundamentally changes the procedural posture of the case. The new charges expand the scope of the allegations and require a broader defense strategy. The government produced additional discovery on December 20, 2024, and has indicated that discovery specifically related to the new counts is forthcoming. The defense will require time to review this discovery and analyze how it relates to the new allegations in the superseding indictment. In addition, certain materials are subject to 18 U.S.C. § 3509(m), which mandates that they remain in government custody and be reviewed at an appropriate government facility. While there is overlap between this evidence and material previously reviewed by the defense, the new allegations necessitate a reevaluation of this evidence in the context of the superseding indictment. Coordinating access to the materials and preparing a defense tailored to the expanded charges will require additional time.

The Speedy Trial Act requires that a defendant's trial commence within seventy days of indictment or initial appearance, subject to certain exclusions. Under 18 U.S.C. § 3161(h)(7), time may be excluded if the Court finds that the "ends of justice" served by granting a continuance outweigh the public's and defendant's interest in a speedy trial. The superseding indictment and the forthcoming and recently produced discovery justify such an exclusion.

Proceeding with the current trial date would restrict counsel for the defendant's ability to prepare.

Moreover, the defendant has expressed his interest in resolving the charges against him without the need for trial. The government has acknowledged this interest when it was first conveyed the evening of December 19, and has indicated its intent to discuss a potential plea offer with its management. Vacating the current trial date would facilitate these discussions, avoid unnecessary trial preparation by both parties, conserve judicial resources, and ultimately promote the efficient resolution of this case.

For these reasons, the parties respectfully requests that the Court vacate both the trial confirmation hearing date of January 9, 2025, and the trial date of February 10, 2025, along with all associated deadlines outlined in the Court's prior minute order (ECF No. 52). The parties further request that the Court set a status conference for January 23, 2025, to allow the parties to provide updates on discovery and propose a new trial schedule if necessary.  If the parties are able to reach a plea agreement prior to the status conference, the parties will inform the Court.

Based upon the foregoing, the parties agree time under the Speedy Trial Act should be excluded of this order's date through and including January 23, 2025;  pursuant to 18 U.S.C. §3161 (h)(7)(A) and (B)(iv)[reasonable time to prepare] and General Order 479, Local Code T4 based upon continuity of counsel and defense preparation.

Dated:  December 26, 2024

HEATHER E. WILLIAMS
Federal Defender

*/s/ Andrew Francisco*
ANDREW FRANCISCO
Assistant Federal Defender
Attorney for Defendant
DARAGH HAYES

Dated:  December 26, 2024

PHILLIP A. TALBERT
United States Attorney

*/s/ Christina McCall*
ALEXIS KLEIN
CHRISTINA McCALL
United States Attorneys

**O R D E R**

IT IS HEREBY ORDERED, the Court, having received, read, and considered the parties' stipulation, and good cause appearing therefrom, adopts the parties' stipulation in its entirety as its order. The Court specifically finds the failure to grant the relief requested therein would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

The Court orders the time from the date the parties stipulated, up to and including January 23, 2025, shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and(B)(iv), reasonable time for counsel to prepare, and General Order 479, (Local Code T4). It is further ordered the trial confirmation hearing scheduled for January 9, 2025, at 9:00 a.m. and the jury trial set for February 10, 2025, and all associated deadlines outlined in the Court's prior minute order (ECF No. 52), be vacated and a status conference be set for January 23, 2025, at 9:00 a.m.

Dated: December 26, 2024

/s/ Daniel J. Calabretta
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE