HEATHER E. WILLIAMS, SBN #122664
Federal Defender
Designated Counsel for Service
801 I Street, 3rd Floor
Sacramento, CA 95814
T: (916) 498-5700
F: (916) 498-5710
Heather_Williams@fd.org

Attorneys for Defendant
DARAGH FINBAR HAYES

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DARAGH FINBAR HAYES <br><br> Defendant. | Case No. 2:24-cr-00280-DJC <br><br> STIPULATION AND [PROPOSED] ORDER TO CONTINUE STATUS CONFERENCE <br><br> Date: January 23, 2025 <br> Time: 9:00 a.m. <br> Judge: Hon. Daniel J. Calabretta |

IT IS HEREBY STIPULATED by and between Michele Beckwith, Acting United States Attorney, through Alexis Klein and Christina McCall, Assistant United States Attorneys, attorneys for Plaintiff, and Heather Williams, Federal Defender, attorney for Daragh Hayes, that the status conference scheduled for January 23, 2025, at 9:00 a.m. be continued to January 30, 2025 at 9:00 a.m.

The Federal Defender's Office has determined that the Magistrate Judge's ruling at Doc. 62 makes it necessary for the Federal Defender's Office to withdraw as Mr. Hayes' counsel and obtain a CJA panel attorney to handle his case. Mr. Hayes is currently held in custody at the Colusa County Jail and has a waiver of appearance on file. The continuance is requested so that the CJA Administrator can arrange for new counsel and so that the Federal Defender's Office can obtain Mr. Hayes' consent to substitution of counsel. The continuance will also permit Mr. Hayes to appear in Court at the next hearing should that be the appropriate course of action.[1]

---

[1] An adjournment to enable new defense counsel to get up to speed is a familiar and compelling basis for an ends-

-1-

Given this information, the government does not object to a continuance and agrees a time exclusion is appropriate.

Accordingly, the parties request that the Court exclude the period from January 23, 2025, through and including January 30, 2025, from the Speedy Trial Act's 70-day time limit under 18 U.S.C. §3161(h)(7)(A), based on the interests of justice. The parties submit that the ends of justice served by granting a continuance outweigh the public's and defendant's interest in a speedy trial, including because the need for new counsel supports the finding of the exclusion of time.

Dated:  January 22, 2025

                                                */s/ Heather Williams*
                                                HEATHER WILLIAMS
                                                Federal Defender
                                                Attorney for Defendant
                                                DARAGH HAYES

Dated:  January 22, 2025

                                                MICHELE BECKWITH
                                                Acting United States Attorney

                                                */s/ Alexis Klein*
                                                ALEXIS KLEIN
                                                CHRISTINA McCALL
                                                Assistant United States Attorneys

**O R D E R**

IT IS HEREBY ORDERED, the Court, having received, read, and considered the parties' stipulation, and good cause appearing therefrom, adopts the parties' stipulation in its entirety as its order. The Court specifically finds the failure to grant a continuance in this case would deny

---

of-justice exclusion under the Speedy Trial Act ("STA"). *See, e.g., United States v. Shellef*, 756 F. Supp. 2d 280, 287 (E.D.N.Y. 2011), *aff'd*, 718 F.3d 94 (2d Cir. 2013) ("'ends of justice' exclusion of time under the Speedy Trial Act from June 24, 2009 to December 7, 2009 to allow new counsel time to file motions and prepare for trial"); *United States v. Columbo*, 418 F. Supp. 2d 385, 390 (S.D.N.Y. 2005) (time properly excluded where "briefing scheduled [was] revised to permit new counsel . . . to fully review discovery and to file motions"); *United States v. Oberoi*, 295 F. Supp. 2d 286, 298 (W.D.N.Y. 2003) ("[D]efendant's new counsel requested the additional time to review discovery and file motions . . . . The granting of an extension under these facts and circumstances did not subvert the ends of justice[.]"); *United States v. Cruz*, 907 F. Supp. 87, 93 (S.D.N.Y. 1995), *aff'd sub nom. United States v. Padilla*, 116 F.3d 466 (2d Cir. 1997) ("[D]efendant asked for additional time . . . so that his new counsel could acquaint himself with the case. All of these delays were justified and appropriate[.]"); *United States v. Cafaro*, No. 86 Cr. 245 (MJL), 1988 U.S. Dist. LEXIS 14032, 1988 WL 138180, at *13 (S.D.N.Y. Dec. 14, 1988) (STA exclusion for defendant to obtain new counsel). *See also* <u>United States v. Rivera</u>, No. 19-CR-131 (PAE), 2021 U.S. Dist. LEXIS 28475, at *5-6 (S.D.N.Y. Feb. 15, 2021).

counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and that the ends of justice served by granting a continuance outweigh the public's and defendant's interest in a speedy trial.

The Court orders the time from January 23, 2025, up to and including January 30, 2025, shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and(B)(iv) and General Order 479, (Local Code T4). The Status Conference set for January 23, 2025 shall be continued to January 30, 2025 at 9:00 a.m.

DATED: January ___, 2025

                                       HON. DANIEL J. CALABRETTA
                                       United States District Court Judge