UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES, | Case No. 2:24-cr-0280-DJC |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING COUNSEL'S AMENDED MOTION FOR RECONSIDERATION** |
| DARAGH FINBAR HAYES, | |
| Defendant. | (ECF Nos. 72, 75) |

Pending before the Court is attorney Andrew Francisco's amended motion for reconsideration of the Court's January 17, 2025 sanctions order. (ECF Nos. 72, 75.)

**I.    BACKGROUND**

The Court refers to and incorporates the detailed background provided in its January 17, 2025 sanctions order, and limits this background section to providing updates occurring after this order. *See* 1/17/2025 Order (ECF No. 62).

Through pro bono counsel making a special appearance limited to the sanctions order, Mr. Francisco filed a three paragraph-long amended motion for reconsideration on January 31, 2025. (ECF No. 72.) A separate memorandum of points and authorities in support of the motion was filed on February 12, 2025. (ECF No. 75.) After briefing was complete, the motion was submitted on the record. (ECF No. 77.)

/ / /

## II.   DISCUSSION

Mr. Francisco raises three primary grounds for reconsideration: (1) the Court failed to apply the correct legal standard for sanctions imposed under the court's inherent power; (2) the Court's factual findings that Mr. Francisco's statements in his reply brief and at the hearing were knowing were not supported by the record; and (3) even if sanctions were appropriate, the sanctions imposed were excessive. The Court concludes that reconsideration is not warranted and therefore denies the motion for reconsideration. *See* L.R. 430.1(i).

### A.   Sanctions Standard

Mr. Francisco argues that the Court applied the incorrect legal standard because "the court has authority under its inherent power to impose sanctions only 'when an attorney has made reckless misstatements of law and fact, and has done so *for an improper purpose*.'" Recons. Br. at 14 (quoting *Fink v. Gomez*, 239 F.3d 989, 990 (9th Cir. 2001) (emphasis added by Mr. Francisco)); *see also* Recons. Br. at 14-16. This is incorrect and misstates the standard laid out in *Fink*. The Ninth Circuit does not limit the court's inherent power to impose sanctions "only" when an attorney has acted for an improper purpose.

In *Fink*, the district court declined to sanction an attorney who made reckless misstatements because it interpreted Ninth Circuit precedent as limiting the court's inherent sanctioning authority to conduct with subjective bad faith. 239 F.3d at 991, 993-94. After examining prior sanctions cases, the Ninth Circuit held that its precedent "make clear that sanctions are available if the court specifically finds bad faith or conduct tantamount to bad faith. Sanctions are available for a variety of types of willful actions, *including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose*. Therefore, we hold that an attorney's reckless misstatements of law and fact, when coupled with an improper purpose, such as an attempt to influence or manipulate proceedings in one case in order to gain tactical advantage in another case, are sanctionable under a court's inherent power." *Id*. at 994

(emphasis added). The requirement of "an additional factor" such as an improper purpose is for reckless conduct. *See id*. The Ninth Circuit reversed and remanded so the district court could exercise its discretion to determine whether sanctions were appropriate. *Id*. at 994.

This Court followed the Ninth Circuit standard for issuing sanctions under its inherent authority because the Court "specifically [found] bad faith" by Mr. Francisco. *See Fink*, 239 F.3d at 994; 1/17/2025 Sanctions Order at 13, 17, 21, 23, 24. The Court further found that "Mr. Francisco made knowing and willful misrepresentations with the intent to mislead the Court."[1] 1/17/2025 Sanctions Order at 17; *see also id*. at 21, 23.

Mr. Francisco further argues that the Court relied on Federal Rule of Civil Procedure 11 in issuing its sanction. *See* Recons. Br. at 17-18. This is incorrect. The Court did not rely on Rule 11, expressly stating that it was issuing sanctions pursuant to its inherent authority and for Mr. Francisco's violation of Local Rule 180(e). 1/17/2025 Sanctions Order at 27; *see also id*. at 10 (referring to inherent authority and violation of local rules). In its consideration of sanctions, the Court provided a summary of its research into "how other courts have addressed similar misconduct." 1/17/2025 Sanctions Order at 24-26. The fact that the summary included civil cases that addressed Rule 11 sanctions does not equate to the Court relying on Rule 11 to issue the sanctions against Mr. Francisco. The Court also included in its summary criminal cases where sanctions were considered. 1/17/2025 Sanctions Order at 25 & 25 n.9 (citing *United States v. Cohen*, 724 F. Supp. 3d 251, 258 (S.D.N.Y. 2024) (after issuing OSC, declining to issue sanctions against criminal defense counsel for three fictitious cases cited in a defense motion after finding no bad faith because counsel did not know that his client, rather than another defense attorney, was the source of the fictitious cases); *Ex parte Lee*, 673 S.W.3d 755, 756-57 (Tex. App. 2023) (affirming trial court's denial of criminal

---

[1] Though there is no additional "improper purpose" requirement where a court makes a finding of bad faith as discussed above, the Court notes that the intent to mislead a court is clearly an improper purpose.

defendant's habeas request for pre-trial release or reduction of bail and holding defendant inadequately briefed appeal where brief cited three non-existent cases and did not cite the record)).

Mr. Francisco also argues that Local Rule 184(a) does not apply because contempt proceedings were not initiated. Recons. Br. at 12-13. While Mr. Francisco is correct that contempt proceedings were not initiated, he fails to review the entirety of Local Rule 184(a), which is not limited to contempt proceedings. It also provides that "any other appropriate disciplinary action" may be taken, including disciplinary referrals. E.D. Cal. L.R. 184(a).

### B. Factual Findings

Mr. Francisco next argues that the record does not support the Court's findings that his statements in his reply brief filed on December 5 and his statements at the December 9, 2024 hearing were knowing, and instead argues that his statements were inadvertent. Recons. Br. at 18:20-23. But instead of challenging the Court's findings as to Mr. Francisco's statements in the *reply brief* and at the *hearing*, Mr. Francisco focuses on the initial motion brief, arguing that the legislative history of 18 U.S.C. § 3509(d) was an appropriate defense argument to raise in the initial brief, a similar argument could have been made citing to *United States v. Broussard* in the initial brief, etc. *See* Recons. Br. at 18-20. This misses the mark because the Court's findings that Mr. Francisco's statements were knowingly made to mislead the Court were based on his statements in the reply brief and at the hearing. *See* 1/17/2025 Sanctions Order at 21:4-6, 23:21-23; *see also id*. at 17-23.

Critically, Mr. Francisco does not challenge the Court's findings that serve as the basis for its conclusion that Mr. Francisco's statements in the reply brief and at the hearing were knowingly made to mislead the Court. *See* Recons. Br. Mr. Francisco does not challenge the Court's findings that he filed the reply brief on December 5 after reviewing the government's opposition, after reviewing the actual *Harris v. Murray* case, and after reviewing the *United States v. Broussard* case. *See* 1/17/2025 Sanctions Order

at 19. He does not challenge the Court's findings that before filing the reply brief, Mr. Francisco knew the "*United States v. Harris*" case he cited and quoted was not a real case, knew the real case was *Harris v. Murray*, 761 F. Supp. 409 (E.D. Va. 1990), and knew *Harris v. Murray* was a civil case that does not address, refer to, or have anything to do with 18 U.S.C. § 3509(d) or the issues raised in Mr. Francisco's motion to unseal. *See* 1/17/2025 Sanctions Order at 19; Francisco Order to Show Cause (OSC) Resp. at 2, 3 (ECF No. 51) & Exh. B at 2 (ECF No. 51-2). Nor could he make such a challenge because Mr. Francisco admitted in his OSC response that he reviewed the real *Harris v. Murray* case on December 3 after reviewing the government's opposition raising the non-existent *United States v. Harris* case and quotation; the real *Harris v. Murray* case "[h]as nothing to do with 18 U.S.C. § 3509 or the issues raised in [his] Motion, Docket 32"; and that at the December 9 hearing, Mr. Francisco "was aware at that time that [*United States v.*] *Harris* was an incorrect citation and did not support [his] argument." Francisco OSC Resp. at 2, 3, 5 & Exh. B at 2 (Westlaw history displaying real *Harris v. Murray* case reviewed by Mr. Francisco on Dec. 3, 2024); *see* 1/17/2025 Sanctions Order at 19, 23. Instead, Mr. Francisco argues that the Court should have given more credit to his apologies. *See* Recons. Br. at 21.

Therefore, Mr. Francisco's limited challenges to the Court's findings do not justify reconsideration.

### C.    Proportionality of Sanctions

Mr. Francisco argues that even if some type of sanctions were appropriate, the sanctions issued were excessive and unfair, and "the Court should have considered lesser sanctions, such as an oral reprimand or warning. Indeed, the embarrassment of having a significant drafting error publicly identified is itself a significant deterrent." Recons. Br. at 22; *see id.* at 2.

The Court expressly considered lesser sanctions, including a "lecture in open court." *See* 1/17/2025 Sanctions Order at 26-27. The Court ultimately concluded this would be insufficient given that Mr. Francisco made repeated misrepresentations in open

court with the actual knowledge that the "*United States v. Harris*" case he cited and quoted was not a real case, he did not adequately explain the source of the fictious citation, and Mr. Francisco did not uphold his promise of remedial measures made in his Errata and OSC response. *See* 1/17/2025 Sanctions Order at 26-27. Critically, Mr. Francisco does not dispute or challenge the Court's finding that within two weeks after making his promises of remedial measures in his Errata and OSC response, Mr. Francisco failed to follow his own remedial measures in a different court filing. *See id*. The Court considered and rejected lesser sanctions, and again concludes that its sanctions were proportional to Mr. Francisco's conduct.

### D. Other Arguments

The Court now turns to various other arguments presented in the motion to reconsider.[2] Mr. Francisco raises a concern that the sanctions order will chill defense counsel across the district. *See* Recons. Br. at 2, 18. The Court recognizes and respects the critical role that criminal defense counsel serve in our legal system. However, citing and quoting a non-existent case in a court filing, failing to acknowledge in a reply brief that the case was non-existent despite actual knowledge of its non-existence, and repeatedly refusing in open court to admit that the case was non-existent despite actual knowledge of its non-existence is not the "vigorous but legitimate advocacy" that courts have cautioned against chilling. *See* Recons. Br. at 18 (quoting *In re Plaza-Martinez*, 747 F.3d 10, 13 (1st Cir. 2014)[3], and citing other cases). There is nothing legitimate

---

[2] This is not intended to be an exhaustive list, as various other arguments and critiques are peppered throughout the reconsideration brief, often in passing and not as a basis for reconsideration of sanctions. *See, e.g.,* Recons. Br. at 10 (describing a footnote in Mr. Francisco's reply brief on the earlier motion to compel at ECF No. 29, a different brief not at issue on sanctions); *id*. at 21 n.10 (noting that "[a]lthough Mr. Francisco stated he did not use artificial intelligence or Chat GPT," AI could be used without a person knowing it); etc. Some of the arguments in the reconsideration brief confusingly appear to conflict with Mr. Francisco's own OSC response. *Compare* Francisco OSC Resp. at 4 ("I did ask the Court to infer from *Broussard* more weight than its language offered."), *with* Recons. Br. at 9 (disagreeing with the Court's analysis of *Broussard*).

[3] In *In re Plaza-Martinez*, the Office of the Federal Defender moved for reconsideration of the district court's sanctions against an Assistant Federal Defender, which were vacated on appeal. *See In re Plaza-Martinez*, 747 F.3d at 12.

6

about such conduct, and the Court has full confidence and faith in the criminal defense bar that it does not engage in such conduct or consider such conduct legitimate advocacy. In addition, to ensure that its sanction order was not seen as a criticism of the Federal Defender's Office or any other individuals in that office, the Court expressly found and emphasized twice that no "other individual from the Federal Defender's Office was involved in or responsible for the conduct at issue besides Mr. Francisco himself." *See* 1/17/2025 Sanctions Order at 9 n.3, 24.

Next, Mr. Francisco makes various arguments regarding the discovery proceedings in the underlying criminal case, *United States v. Hayes*, including those before Magistrate Judge Allison Claire. For example, counsel repeats Defendant's prior argument that the Clerk of Court did not follow the Local Rules in temporarily sealing Defendant's motion to compel and argues that Judge Claire did not address Defendant's argument. *See* Recons. Br. at 3-5, 9. It is unclear why these arguments are made here given that they did not serve as a basis for sanctions and this Court previously rejected those arguments. The Court therefore declines to further address these arguments.

Although Mr. Francisco does not seek reconsideration on this basis, he now notes that there is a case titled *United States v. Harris*, 2016 WL 3190482 (E.D. Va. June 6, 2016), that addresses 18 U.S.C. § 3509(d), but not § 3509(d)'s legislative history. Recons. Br. at 8-9. Although not a basis for seeking reconsideration, it is important to note that this does not change the Court's factual findings and resulting conclusions. As the Court found in its sanctions order, Mr. Francisco previously conceded in his OSC response that the case he cited and quoted, "*United States v. Harris*, 761 F. Supp. 409, 414 (D.D.C. 1991)," is not a real case; the citation "761 F. Supp. 409" is for a different case titled *Harris v. Murray* from the Eastern District of Virginia in 1990; and, as Mr. Francisco conceded, *Harris v. Murray* "has nothing to do with" 18 U.S.C. § 3509(d) or the issues raised in his motion. Francisco OSC Resp. at 1-2; *see* 1/17/2025 Sanctions Order at 15, 19. As the Court further found, Mr. Francisco reviewed the real *Harris v. Murray* case on December 3, 2024 after reviewing the government's opposition raising the non-

7

existent *United States v. Harris* case and quotation, and that at the December 9 hearing, he "was aware at that time that [*United States v.*] *Harris* was an incorrect citation and did not support [his] argument." Francisco OSC Resp. at 3, 5 & Exh. B at 2 (Westlaw history displaying real *Harris v. Murray* case reviewed by Mr. Francisco on Dec. 3, 2024); *see* 1/17/2025 Sanctions Order at 19, 23. Mr. Francisco does not challenge any of these findings. In addition, at no time has Mr. Francisco claimed—not in his Errata, his OSC response, or now in his amended motion for reconsideration—that he actually meant to cite this new case now identified by pro bono counsel, that this new case was the basis for his citation to the fictitious case, or even that he reviewed this new case before filing his motion to unseal or reply. *See* Errata; Francisco OSC Resp. & Exh. B;[4] Recons. Br.

Finally, after quoting a statement by the Court at the December 9, 2024 hearing describing Mr. Francisco's arguments as inflammatory, counsel argues that "[t]here was nothing inflammatory about Mr. Francisco's argument, however, which rested on the requirement that a document be sealed only by court order after the formal request of a party." Recons. Br. at 23 (quoting 12/9/2024 Hrg. Tr. 27:1-3); *see also id*. at 10:17-22. Though it is unclear why counsel is raising this argument, which was not a basis for the Court's sanctions order, it merits a response given its serious nature and because counsel incorrectly attributes the Court's criticism. The Court did not characterize as inflammatory Mr. Francisco's arguments regarding 18 U.S.C. § 3509(d), which is the context in which the non-existent *Harris* case was quoted and analyzed, and even expressly described such arguments as "substantive" and "not inflammatory." 12/9/2024 Hrg. Tr. 26:5-9 (ECF No. 48).

The Court criticized and firmly rejected as baseless, unprofessional, and inflammatory Mr. Francisco's arguments that the "Clerk [of Court] acted as an agent for the prosecution rather than as an impartial custodian of judicial records" and other

---

[4] The new *United States v. Harris*, 2016 WL 3190482 (E.D. Va. June 6, 2016) case identified in the reconsideration brief is not listed in Mr. Francisco's Westlaw search history that he submitted with his OSC response.

similar arguments attacking the independence and integrity of the judiciary. 12/9/2024 Hrg. Tr. 24:5-8, 24:14-23 (quoting Def. Mot. Unseal at 8 (ECF No. 32)); *see* 12/9/2024 Hrg. Tr. 23:19-27:7. It is concerning to the Court that Mr. Francisco's current counsel do not consider Mr. Francisco's arguments accusing Court staff of "act[ing] as an agent for the prosecution" and "act[ing] at the prosecution's direction"—which is part of the Executive branch, a separate branch of government from the judiciary—to be inflammatory arguments. Def. Mot. Unseal at 8, 10; Recons. Br. at 23 ("There was nothing inflammatory about Mr. Francisco's argument…"). The Court provides the full excerpt from the December 9, 2024 hearing that counsel selectively quotes to ensure that the record is accurately presented and because there is a critical need to respond directly to the increasing attacks on the independence and integrity of the judiciary:

> **THE COURT**: … I'm going to turn now to other arguments that the Defense makes. So it's not just that the Defense argued that 140(e) was not followed or some of its substantive arguments that it makes in its motion to unseal. The Defense also makes what appear to be very inflammatory and serious accusations, and I want to read three examples of these.
>
> "By taking unilateral action of a prosecution's informal request, the Clerk bypassed the judicial oversight necessary to ensure neutrality and transparency in judicial proceedings." That's in the Defense motion to unseal at page 8. This is ECF 32.
>
> Another example: "By immediately complying with the Government's directive, the Clerk acted as an agent for the prosecution rather than as an impartial custodian of judicial records." This is in the Defense motion at page 8.
>
> And then last example: "The Government's approach risks eroding public confidence in the judiciary by creating the appearance that court staff act at the prosecution's direction rather than as impartial administrators." And this is in the Defense motion to unseal at page 10.
>
> These statements or arguments by a defense are – they lack merit, they are inflammatory, and they are the types of statements that actually do what the Defense is talking about, which is undermine the integrity of the court system. This federal district court is part of the judiciary which is a separate and independent branch of Government. Arguing otherwise without proof and from a[n] administrative action is not at the level of

professionalism that the Court expects of attorneys that appear before it, especially attorneys who practice exclusively in federal court and they should know better.

The request that the Government made in contacting the Clerk's Office to notify it that information should be sealed was not -- that should be sealed was not sealed was not improper. The Defense was included in that. There's no argument that an ex parte contact was made. That same communication is one that the Defense could make and may make in the future if there is a mistake likewise by the Government. A party can also take formal action by filing a notice.

In the Court's experience, it is not uncommon for parties to contact Clerk's Office staff when there are errors like this one with information that should be sealed or redacted because of the sensitivity of that and because of the need to move quickly.

To take from that and to make inflammatory and extreme arguments is very concerning to the Court. This Court has thousands of cases. I don't know what the total number of case are that have various combinations of protective orders, and there are many cases where certain information, it's not even governed by a protective order. It's governed by statute or by other rules. To suggest that the Clerk's Office, when receiving notification that information that should be sealed is not sealed, by then sealing it and doing so temporarily, with clear communication to everyone and notice in the record, to suggest that that is improper by court staff and that then suggests that court staff is acting as an agent of a different branch of government and trying to affect the integrity of the court processing system is making arguments and statements for which there's no basis and are incredibly inflammatory and incredibly concerning to the Court. And the irony is that the arguments the Defense are making, those are the types of statements that raise concern and distrust of the court system and judicial proceedings.

The Defense could have raised and focused its motion on its substantive arguments. If you look at its motion, pages 10 through 11, those are substantive arguments. They're not inflammatory. They're not suggesting a bias or failure in the system without -- again, without any basis or any support.

And so it is -- it's completely baffling to the Court why these arguments were even made to begin with. And not only were they made, they were made twice. They were made in the motion to compel and then made again here.

I want to make clear that the Court and court staff, we make mistakes and that is inevitable because we are human. And we want and expect parties to notify us and raise the issue when the mistake is made

10

and sometimes vigorously, and there's lots of procedures for that -- appeals, argument, all sorts of things. We're a trial court. We expect review. There is all sorts of level of review. We expect and we welcome that.

But what the Defense has done in its motion to unseal with these arguments don't do that. They go beyond that. They're not about legal basis or the proper subjects for sealing. The Defense does have those arguments. But the majority of its filing is not about that.

Those types of inflammatory arguments and accusations, those are the types of things that undermine the integrity of our system. I hope and expect sincerely that counsel will reflect on this and be careful in the accusations that are made, not only [sic] making them when there is an actual basis to do so but considering what the arguments are. They're not just words. They have real meaning."

12/9/2024 Hrg. Tr. 23:19-27:7 (emphasis added).

While Mr. Francisco and his current counsel apparently think that arguments accusing the judiciary of acting as agents for the Executive branch are appropriate to make, the Court again firmly rejects these arguments. This federal district court and federal courts across the country are part of a separate and independent branch of government. Arguments to the contrary are not well taken and will continue to be firmly rejected by the courts.

### III. CONCLUSION

The Court issued its sanction order after careful and thoughtful deliberation. After further careful review of Mr. Francisco's motion for reconsideration (ECF Nos. 72, 75), for the foregoing reasons, the Court DENIES the motion.

Dated:  April 9, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

11