1  MICHELE BECKWITH
   Acting United States Attorney
2  ALEXIS KLEIN
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile: (916) 554-2900
5
6  Attorneys for Plaintiff
   United States of America
7

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARAGH HAYES,<br><br>Defendant. | CASE NO. 2:24-CR-00280 DJC<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE:  May 15, 2025<br>TIME:  9:00 a.m.<br>COURT: Hon. Daniel J. Calabretta |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on May 15, 2025. ECF 81.

2. By this stipulation, defendant now moves to continue the status conference until July 10, 2025, at 9:00 a.m., and to exclude time between May 15, 2025, and July 10, 2025, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes approximately 1500 items/pages of investigative reports, photographs, recorded interviews, and digital items. Additionally, the discovery contains certain digital evidence, which, under 18 U.S.C. § 3509(m), must be kept in the government's possession and which the defense team has preliminarily reviewed at the FBI office. All of this discovery has been either

been either produced directly to counsel and/or made available for inspection and copying.

        b)     Counsel for defendant was appointed to this case on January 30, 2025 (nunc pro tunc to January 21, 2025) and desires additional time to review the investigative material, consult with the client, and conduct investigation and research related to the charges.

        c)     Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

        d)     The government does not object to the continuance.

        e)     Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

        f)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 15, 2025 to July 10, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: May 6, 2025                               MICHELE BECKWITH
                                                        Acting United States Attorney

                                                        /s/ ALEXIS KLEIN
                                                        ALEXIS KLEIN
                                                        Assistant United States Attorney

Dated: May 6, 2025

/s/ KRESTA DALY
KRESTA DALY
Counsel for Defendant
DARAGH HAYES

## ORDER

The Court, having received, read, and considered the parties' stipulation, and good cause appearing therefrom, adopts the parties' stipulation in its entirety as its order. The Court vacates the May 15, 2025, status conference and resets the matter for a status conference on July 10, 2025, at 9:00 a.m. The Court also finds that based on the facts set forth in the parties' stipulation, the failure to exclude time between May 15 and July 10, 2025, would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court further finds that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. Time from May 15, 2025, to and including July 10, 2025, is excluded from the computation of time within which the trial of this case must commence under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv), and Local Code T-4.

IT IS SO FOUND AND ORDERED this 6th day of May, 2025.

/s/ Daniel J. Calabretta
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE