ERIC GRANT
United States Attorney
SHEA J. KENNY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>           v.<br><br>DARAGH HAYES,<br><br>                    Defendant. | CASE NO. 2:24-CR-00280-DC<br><br>STIPULATION SETTING NEW TRIAL DATE AND RULE 12 MOTIONS DEADLINES AND REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [PROPOSED] FINDINGS AND ORDER |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for trial on February 9, 2026, before the Honorable Daniel J. Calabretta. ECF 93. Time was excluded through that trial date. ECF 93.

2. By previous order, the deadline for motions brought pursuant to Rule 12 of the Federal Rules of Criminal Procedure was October 16, 2025. ECF 93, 96. The government's opposition brief was to be filed no later than October 30, 2025. ECF 96. The Defendant's reply brief was to be filed no later than November 6, 2025. ECF 96. A hearing on the motion was set for November 13, 2025. ECF 96.

///

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

3.     On October 16, 2025, Defendant filed a motion to dismiss the indictment. ECF 97. The government has not yet filed its opposition brief.

4.     On October 21, the Honorable Daniel J. Calabretta recused himself from the case, and the case was reassigned to the Honorable Dena Coggins. ECF 98. The Court's recusal order vacated all pending deadlines and dates previously set before Judge Calabretta. ECF 98.

5.     By this stipulation, the government and the defendant now jointly request that the Court set the following schedule in this case:

    a)     The previously set Rule 12 motions deadline of October 16, 2025, shall remain in effect.

    b)     The government shall file its opposition to the defendant's Rule 12 motion by no later than November 14, 2025.

    c)     The defendant shall file any reply to the government's opposition to his Rule 12 motion on or before November 25, 2025.

    d)     A hearing on the defendant's motion shall be set for December 5, 2025.

6.     By this stipulation, the parties also request that a new trial date be set in this matter. The parties estimate that the trial shall take approximately 5 trial days. The parties propose and request the following schedule for trial:

    a)     Trial in this matter shall commence February 9, 2026.

    b)     A trial confirmation hearing shall be held on January 9, 2026.

7.     By this stipulation, defendant now moves to exclude time between the date of this stipulation and February 9, 2026, under Local Code T4.

8.     The parties agree and stipulate, and request that the Court find the following:

    a)     The government has represented that the discovery associated with this case includes approximately 1500 items/pages of investigative reports, photographs, recorded interviews, and digital items. Additionally, the discovery contains certain digital evidence, which, under 18 U.S.C. § 3509(m), must be kept in the government's possession and which the defense team has preliminarily reviewed at the FBI office. All of this discovery has been either been either produced directly to counsel and/or made available for inspection and copying.

        b)        Counsel for defendant was appointed to this case on January 30, 2025 (nunc pro tunc to January 21, 2025) and desires additional time to review the investigative material, consult with the client, and conduct investigation and research related to the charges.

        c)        In addition, the parties are requesting a trial date of February 9, 2025. Trial is expected to take approximately five (5) trial days. Defense counsel desires additional time to prepare for trial. Amongst other things, defense counsel has represented that she will need to interview and prepare numerous potential witnesses, some of whom live abroad. Defense counsel will also need to prepare pre-trial motions, strategize for trial, review discovery with an eye toward trial, and consult with her client regarding trial strategy.

        d)        Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

        e)        The government does not object to the continuance.

        f)        Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

        g)        For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of October 21, 2025 to February 9, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

        h)        In addition, defense counsel filed a motion to dismiss on October 16, 2025. Time is excluded for purposes of the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(1)(D) [Local Code E] because the defendant's motion is pending.

///

///

///

9. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: October 21, 2025

ERIC GRANT
United States Attorney

/s/ SHEA J. KENNY
SHEA J. KENNY
Assistant United States Attorney

Dated: October 21, 2025

/s/ KRESTA DALY
KRESTA DALY
Counsel for Defendant
DARAGH HAYES

**ORDER**

The court, having received, read and considered the parties' stipulation filed on October 21, 2025, and good cause appearing therefrom, APPROVES the parties' stipulation. Accordingly, the parties' proposed schedule in this case that shall govern the pretrial motion that the defendant filed on October 16, 2025, pursuant to Rule 12 of the Federal Rules of Criminal Procedure. That schedule is as follows:

- The previously set Rule 12 motions deadline of October 16, 2025, shall remain in effect.
- The government shall file its opposition to the defendant's Rule 12 motion by no later than November 14, 2025.
- The defendant shall file any reply to the government's opposition to his Rule 12 motion on or before November 25, 2025.
- A motion hearing on the defendant's motion shall be set before the Honorable Dena M. Coggins on December 5, 2025, at 9:30 a.m. in Courtroom 10.

Further, the matter is hereby set for a Jury Trial to commence on February 9, 2026, at 9:00 a.m., and a Trial Confirmation Hearing is set for January 9, 2026. Both hearings will be held in Courtroom 10 before District Judge Dena Coggins.

The time period between October 21, 2025 through February 9, 2026, inclusive, is excluded under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(7)(A), and B(iv) [Local Code T4], as the ends of justice served by granting the continuance outweigh the best interest of the public and the defendants in a speedy trial. In light of defendant's pending motion, time is also excluded under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(1)(D) [Local Code E].

IT IS SO ORDERED.

Dated:  **October 23, 2025**

Dena Coggins
United States District Judge