ERIC GRANT
United States Attorney
SHEA J. KENNY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:24-CR-00280-DC |
| Plaintiff, | STIPULATION VACATING TRIAL DATE, SETTING SENTENCING ON COUNTS 3-6, AND SETTING FURTHER STATUS ON COUNTS 1-2; [PROPOSED] FINDINGS AND ORDER |
| v. | |
| DARAGH HAYES, | |
| Defendant. | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.    On October 10, 2024, the United States charged Defendant by Indictment with one count of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a). ECF 9. On December 19, 2024, the United States filed a Superseding Indictment which added five additional charges. ECF 53. The Superseding Indictment charged two violations of attempted sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a) and (e) (Counts One and Two); three violations of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a) and (e) (Counts Three, Four, and Five); and one violation of distribution of a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2) (Count Six). ECF 53.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

2.      By previous order, this matter was set for trial on February 9, 2026, before the Honorable Dena Coggins.  ECF 100.  Time was excluded through that trial date.  ECF 100.  A Trial Confirmation Hearing was set for January 9, 2026.  ECF 100.

3.      On January 9, 2026, Defendant pled guilty—without a plea agreement—to Counts Three through Six of the Superseding Indictment.  ECF 115.

4.      Counts One and Two of the Superseding Indictment remain pending.  ECF 115.  At the parties' request, the Court continued the Trial Confirmation Hearing for Counts One and Two to January 16, 2026.  ECF 115.

5.      By this stipulation, the government and the defendant now jointly request that the Court vacate the February 9 trial date, set a sentencing date for sentencing on Counts Three through Six, and set a further status on Counts One and Two to be held after the sentencing.  The parties believe this is the best and most efficient use of the parties' and Court's resources in this matter.  As this matter proceeds through sentencing on Counts Three through Six, the parties shall continue to work toward resolving the pending counts.  The parties jointly request the following schedule in this case:

a)      The trial date currently set for February 9, 2026, shall be vacated.

b)      This matter is referred to Probation for the preparation of a pre-sentence report.

c)      A sentencing hearing on Counts Three, Four, Five, and Six shall be set on April 24, 2026 at 9:30 a.m.

d)      A status conference regarding Counts One and Two (the pending counts) shall also be set for May 1, 2026.

6.      By this stipulation, defendant now also moves to exclude time between the date of this stipulation and May 1, 2026, under Local Code T4.

7.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes approximately 1500 items/pages of investigative reports, photographs, recorded interviews, and digital items.  Additionally, the discovery contains certain digital evidence, which, under 18 U.S.C. § 3509(m), must be kept in the government's possession and which must be reviewed at the FBI office.  All of this discovery has been either been either produced directly

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

to counsel and/or made available for inspection and copying.

b)      Counsel for Defendant was appointed to this case on January 30, 2025 (nunc pro tunc to January 21, 2025).

c)      While Defendant has pled guilty to four of the six counts in the superseding indictment, two counts remain pending.  Should the parties be unable to resolve the pending counts, there will need to be a trial on the two pending counts.  Counsel for Defendant requires additional time to prepare for trial on these counts.  This includes additional time to review the investigative material, consult with the client, and conduct investigation and research related to the charges.  Amongst other things, defense counsel has represented that she will need to interview and prepare numerous potential witnesses, including an expert witness who would testify on the forensic examination of Defendant's electronic devices, from which much of the evidence in this case was obtained.  Defendant's forensic expert will need additional time to obtain copies of the digital evidence in this case, conduct an examination of that evidence, and prepare a report on the examination.  Defense counsel will also need to prepare pre-trial motions, strategize for trial, review discovery with an eye toward trial, and consult with her client regarding trial strategy.

d)      In addition, counsel for defendant requires additional time to prepare as she is currently preparing for trial in a separate matter, *United Staes v. Reger*, 2:23-cr-00177-DC, which is currently set to begin July 13, 2026.  Counsel for defendant estimates that this trial will last approximately five weeks.  Amongst other things, defense counsel has represented that for the *Reger* matter, she will need to interview and prepare numerous potential witnesses, prepare pretrial filings, and prepare and respond to pretrial motions.  This is in addition to additional work defense counsel has in her heavy caseload, including preparing for the sentencing in the instant matter.

e)      Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

f)      The government does not object to the continuance.

g)    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

h)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 16, 2026 to May 1, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

8.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  January 13, 2026                          ERIC GRANT
                                                 United States Attorney


                                                 /s/ SHEA J. KENNY
                                                 SHEA J. KENNY
                                                 Assistant United States Attorney


Dated:  January 13, 2026                          /s/ KRESTA DALY
                                                 KRESTA DALY
                                                 Counsel for Defendant
                                                 DARAGH HAYES

STIPULATION REGARDING EXCLUDABLE TIME          4
PERIODS UNDER SPEEDY TRIAL ACT

**ORDER**

IT IS HEREBY ORDERED, the court, having received, read and considered the parties' stipulation filed on January 13, 2026 (Doc. No. 116), and good cause appearing therefrom, APPROVES the parties' stipulation.  Accordingly, the Trial Confirmation Hearing as to Counts One and Two set for January 16, 2026 is VACATED; the Sentencing Status Conference as to Counts Three, Four, Five, and Six set for January 16, 2026 is VACATED; the Jury Trial set for February 9, 2026 is VACATED; a Sentencing Hearing as to Counts Three, Four, Five, and Six is SET for April 24, 2026 at 9:30 a.m.; this matter is REFERRED to Probation for preparation of a Presentence Investigation Report; and a Status Conference as to Counts One and Two is SET for May 1, 2026 at 9:30 a.m. All hearings will be held in Courtroom 10 before the Honorable Dena M. Coggins. The time period between January 16, 2026 and May 1, 2026, inclusive, is excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(7)(A), and B(iv) [Local Code T4], as the ends of justice served by granting the continuance outweigh the best interest of the public and the defendants in a speedy trial.

IT IS SO ORDERED.

Dated:   **January 14, 2026**

_____

Dena Coggins
United States District Judge

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

5